## STRAUS *v.* FOXWORTH.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 191. Submitted October 20, 1913.—Decided November 17, 1913.

A statement that a statutory sale was not sufficiently advertised is a pure conclusion of law and, in the absence of allegations of fact to sustain it, is an empty assertion that is not admitted by demurrer.

Statements that the amount of taxes for which the property was sold was excessive must be read in connection with other statements in the pleading admitting that the taxes were delinquent and therefore augmented by the statutory penalties.

A construction by the Supreme Court of the Territory that is not manifestly wrong will not be rejected by this court, and so *held* as to a construction of the words "in accordance with this act" as meaning "under this act." *Treat* v. *Grand Canyon Railway Co.*, 222 U. S. 448.

A statute correcting irregularities in compliance with statutory provisions in regard to tax sales is remedial in nature and unless violative of constitutional restrictions is not a denial of due process of law as retrospective legislation; and so *held* as to § 25 of c. 22 of the laws of New Mexico of 1899, providing that sales for taxes made under that act shall not be invalidated except on the ground of prior payment of the taxes or exemption of the property from taxation.

One attacking a statute on the ground that it is unconstitutional is limited to his own case as the statute has been applied therein; he cannot rely on a possible construction of the statute that might make it unconstitutional. *Castillo* v. *McConnico*, 168 U. S. 674.

16 New Mex. 442, affirmed.

THE facts, which involve the validity of a tax sale and the constitutionality of a statute of New Mexico relative to tax deeds, are stated in the opinion.

*Mr. William C. Reid* and *Mr. James M. Hervey* for appellant:

The case being on appeal from a Territory, this court has jurisdiction to consider both the questions of "due process of law" under the Fourteenth Amendment, and the essentials under the territorial statute, which constitute due process of law.

Section 25, ch. 22, Laws of 1899 of New Mexico, permits the taking of property for taxation, without assessment, levy, or notice of sale, as after sale the same cannot be attacked, except on the ground that the tax had been paid, or that the property was not subject to taxation.

*DeTreville* v. *Smalls*, 98 U. S. 517; *Keely* v. *Sanders*, 99 U. S. 441; *Sherry* v. *McKinley*, 99 U. S. 496, relied upon by appellee, all arose under the Insurrection Acts of 1862 and 1863 and do not apply to other times. They are not usually cited, except as establishing the rule that a tax

deed may be made *prima facie* evidence of its validity. This rule is not questioned in this case.

A legislature may not provide machinery for the collection of taxes, and then disregard the steps required, and cure the failure to follow the essentials by a curative statute or concurrent statute.   1 Cooley on Taxation (3d ed.), p. 518.

While the legislature of a State may declare that a tax deed shall be *prima facie* evidence of the regularity of the sale, and of all proceedings prior thereto, it cannot make such a deed conclusive evidence of the grantee's title. *Marx* v. *Hanthorn,* 148 U. S. 172; *S. C.,* 30 Fed. Rep. 579; *Taylor* v. *Deveaux,* 100 Michigan, 581; *McKinnon* v. *Weston,* 104 Michigan, 642; *Weeks* v. *Merkle,* 6 Oklahoma, 714; *Wilson* v. *Wood* (Okla.), 61 Pac. Rep. 1045; *Kelly* v. *Herrall,* 20 Fed. Rep. 364; *Bannon* v. *Burns,* 39 Fed. Rep. 892.

A statute making a tax deed conclusive evidence of a complete title, and precluding the owner of the original title from showing its invalidity, is void, because not a law regulating evidence, but an unconstitutional confiscation of property.   Cases *supra* and *McCready* v. *Sexton,* 29 Iowa, 356; *Railroad Co.* v. *Galvin,* 85 Fed. Rep. 811; *Cairo &c. R. Co.* v. *Parks,* 32 Arkansas, 131; *Little Rock &c. R. Co.* v. *Payne,* 33 Arkansas, 816; *Wampole* v. *Foote,* 2 Dakota, 1; *Dickerson* v. *Acosta,* 15 Florida, 614; *White* v. *Flynn,* 23 Indiana, 46; *Corbin* v. *Hill,* 21 Iowa, 70; *Powers* v. *Fuller,* 30 Iowa, 476; *Taylor* v. *Miles,* 5 Kansas, 498; *Baumgardner* v. *Fowler,* 82 Maryland, 631; *Groesbeck* v. *Seeley,* 18 Michigan, 329; *Case* v. *Dean,* 16 Michigan, 12; *Dawson* v. *Peter,* 119 Michigan, 274; *Abbott* v. *Lindenbower,* 42 Missouri, 162; *S. C.,* 46 Missouri, 291; *Roth* v. *Gabbert,* 123 Missouri, 29; *Wright* v. *Cradlebraugh,* 3 Nevada, 341, 349; *Young* v. *Beardsley,* 11 Paige, 493; *East Kingston* v. *Fowle,* 48 N. H. 57; *Sheets* v. *Paine* (N. Dak.), 86 N. W. Rep. 117; *Strode* v. *Washer,* 17 Oregon, 50; *Mather* v. *Darst,* 13 S. Dak. 75.

The notice is bad if it differs from the assessment in giving the name of the person to whom the land is taxed. *Marx* v. *Hanthorn,* 148 U. S. 172; *S. C.,* 30 Fed. Rep. 579; *Harness* v. *Cravens,* 126 Missouri, 233; *Bettison* v. *Budd,* 21 Arkansas, 578, citing *Wait* v. *Gilmore,* 2 Yeates, 330; *Shimmin* v. *Inman,* 26 Maine, 332; *Castillo* v. *McConnico,* 168 U. S. 674; *Alvord* v. *Collin,* 20 Pick. 418; *Workingmen's Bank* v. *Lannes,* 30 La. Ann. 871.

A tax deed cannot be made conclusive evidence of title in the grantee. An attempt to do so is a violation of the great principle of Magna Charter and would in many cases deprive the citizen of his property, by proceedings absolutely without warrant of law or of justice. It is not in the power of any American legislature to deprive one of his property by making his adversary's claim to it conclusive of its own validity. It cannot, therefore, make the tax deed conclusive evidence of the holder's title to the land, or of the jurisdictional facts which would make out title. Cases *supra* and *Martin* v. *Barbour,* 34 Fed. Rep. 701; *Tracy* v. *Reed,* 38 Fed. Rep. 69; *Davis* v. *Minge,* 56 Alabama, 121; *Oliver* v. *Robinson,* 58 Alabama, 46; *Radcliffe* v. *Scruggs,* 46 Arkansas, 96; *Townsend* v. *Martin,* 55 Arkansas, 192; *Cooper* v. *Freeman Lbr. Co.,* 61 Arkansas, 36; *Ramish* v. *Hartwell,* 126 California, 443; *Manguiar* v. *Henry,* 84 Kentucky, 1; *Larson* v. *Dickey,* 39 Nebraska, 463; *Roberts* v. *First Nat. Bk.,* 8 N. Dak. 504; *Dever* v. *Cornwall* (N. Dak.), 86 N. W. Rep. 227; *Simpson* v. *Meyers,* 197 Pa. St. 522; *Salmer* v. *Lathrop,* 10 S. Dak. 216; *State* v. *Dugan,* 105 Tennessee, 245; *Virginia Coal Co.* v. *Thomas,* 97 Virginia, 527. *Springer* v. *United States,* 102 U. S. 594; *Turpin* v. *Lemon,* 187 U. S. 551; *Ontario Land Co.* v. *Yordy,* 212 U. S. 152; *Central Railway* v. *Georgia,* 207 U. S. 127; *King* v. *Mullins,* 171 U. S. 404; *Kentucky Union Co.* v. *Kentucky,* 219 U. S. 140; *Castillo* v. *McConnico,* 168 U. S. 674, are not in point.

*Marx* v. *Hanthorn, supra,* has been followed in *Clark* v.

*Mead,* 102 California, 519; *Bennett* v. *Davis,* 90 Maine, 107; *Baumgardner* v. *Fowler,* 82 Maryland, 639; and see *Soper* v. *Lawrence Bros. Co.,* 201 U. S. 370; *Wilson* v. *Wood,* 10 Oklahoma, 284; *Meyer* v. *Kuhn,* 65 Fed. Rep. 705; *Bannon* v. *Barnes,* 39 Fed. Rep. 895.

A legislature cannot enact a statute which denies the owner the right to show that the defects were in excess of those authorized by the levy. *Lufkin* v. *Galveston,* 11 S. W. Rep. 340.

In this case the essential or jurisdictional steps provided by the statute were not complied with. The publication was defective. Cooley, p. 918; *Games* v. *Stiles,* 14 Pet. 322; *Martin* v. *Barbour,* 34 Fed. Rep. 701; *S. C.,* 140 U. S. 634.

The affidavit of publication is the only evidence admissible of the facts required to be stated therein, and cannot be supplemented by parol evidence. *Rustin* v. *Merchants' Co.,* 23 Colorado, 351; *Salinger* v. *Gunn,* 61 Arkansas, 414; *Martin* v. *Allard,* 55 Arkansas, 218; *Coit* v. *Wells,* 2 Vermont, 318; and see §§ 4079, 4080, Comp. Laws of New Mexico, 1897.

As to necessity of tax officers following this provision of the statute, see *Martin* v. *Barbour,* 140 U. S. 644; 1 Cooley on Taxation, 3d ed., 518.

Plaintiffs are entitled to equitable relief. *Ely* v. *New Mexico &c. Ry. Co.,* 129 U. S. 291.

Where property is sold for more than is due, whether the excess is due to an illegal levy or illegal penalties and costs, the officer has no jurisdiction to sell, and it is void, notwithstanding curative statutes. *Lufkin* v. *Galveston,* 11 S. W. Rep. 340; *Treadwell* v. *Patterson,* 51 California, 637; *Huse* v. *Merrim,* 2 Greenl. 375; *Case* v. *Dean,* 16 Michigan, 12; *Eustis* v. *Henrietta,* 91 Texas, 325; *Alexander* v. *Gordon,* 101 Fed. Rep. 91; *Ensign* v. *Barse,* 107 N. Y. 329; *Harper* v. *Rowe,* 53 California, 233; *Warden* v. *Brown* (Cal.), 98 Pac. Rep. 252; *Devoe* v. *Cornell,* 10 N. Dak. 123.

A deed of land sold for non-payment of taxes which discloses that the sale was made on a day which was not the day authorized by law, is void on its face, *Redfield* v. *Parks,* 132 U. S. 239; *Coulton* v. *Stafford,* 56 Fed. Rep. 569, and a curative statute cannot aid it. *Rickett* v. *Knight,* 16 S. Dak. 395; *Rush* v. *Lewis & Clark Co.* (Mont.), 95 Pac. Rep. 836; *Hannerkratt* v. *Hamil,* 10 Oklahoma, 219; *Magill* v. *Martin,* 14 Kansas, 7; *Dyke* v. *Whyte,* 17 Colorado, 296.

*Mr. Harry H. McElroy* and *Mr. Harry M. Dougherty* for appellee.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was a suit to quiet the title to three tracts of land in Quay County, in the Territory of New Mexico. In the court of first instance a demurrer to the complaint was sustained and, the plaintiff declining to amend, a decree of dismissal was entered, which subsequently was affirmed by the Supreme Court of the Territory. 16 N. Mex. 442. An appeal from the decree of affirmance brings the case here, under the act of March 3, 1885, 23 Stat. 443, c. 355.

The complaint purported to state four causes of action. In the first, embracing all the tracts, it was alleged that the plaintiff was the owner in fee simple and that the defendant was making some adverse claim, not described. In the others, each embracing a single tract, the plaintiff's ownership was reiterated and it was alleged that the defendant was claiming title under tax deeds issued in consummation of tax sales which were characterized as void for designated reasons. But notwithstanding its form, the complaint, as the record discloses, was treated in both of the territorial courts, with the acquiescence of the parties, as intended to challenge the validity of the tax deeds only upon the grounds designated in the last

three causes of action; that is, as if the general charge in the first cause of action was intended to be restrained and limited by the more specific charges in the others. We therefore treat the complaint in the same way.

It was not alleged that the lands were not subject to taxation, or that the taxes on account of which the sales were had were in any wise invalid, or that the taxes or any part of them had been paid or tendered, or that they had not been delinquent for such a period as justified their enforcement by a sale of the lands, or that the sales were in any wise tainted with fraud, or that there had been any attempt to redeem the lands, or any of them, within the three years allowed therefor, or that that period had not elapsed after the sales and before the deeds were issued. On the contrary, the sole grounds on which the complaint assailed the tax title were (a) that the sales were "not sufficiently advertised," (b) that proof of publication of the notice of sale was not transmitted by the printer to the county collector "immediately after the last publication," (c) that the collector did not cause to be made an affidavit of the public posting of the notice of sale and did not cause proof of publication or of posting to be deposited with the probate clerk, (d) that the probate clerk did not "carefully preserve" any such proofs, and (e) that the amount of the delinquency sought to be satisfied by the sales was in one instance 16 cents, and in another 24 cents, more than the taxes levied on the particular tract.

Plainly, the allegation that the sales were "not sufficiently advertised" was purely a conclusion of law, and must be disregarded. No facts being set forth to sustain it, the statement of the conclusion was merely an empty assertion, and, under the rule that a demurrer admits only facts well pleaded, the conclusion was not admitted.

The charge that the delinquency sought to be satisfied by the sales was in excess of the taxes levied must be read in connection with the fact, otherwise appearing in

the complaint, that the taxes were delinquent, and in connection with the statutory provisions augmenting the delinquency by designated penalties and costs. When this is done it is quite evident that the amount sought to be collected was not excessive.

The remaining objections advanced in the complaint are founded upon a failure to comply with local statutory provisions directing the making and preserving of proofs of the publication and posting of the notice of sale. The Supreme Court of the Territory held, in effect, that compliance with these statutory provisions was not essential in a constitutional sense to the validity of tax sales and therefore that the territorial legislature was free to declare that non-compliance should not render the sales invalid; and with this as a premise the court further held that the objections could not prevail, because the statute under which the sales were had contained a provision that "no bill of review or other action attacking the title to any property sold at tax sale in accordance with this act shall be entertained by any court, nor shall such sale or title be invalidated by any proceedings, except upon the ground that the taxes, penalties, interest and costs had been paid before the sale, or that the property was not subject to taxation." Laws New Mexico, 1899, c. 22, § 25.

The appellant assigns error upon this ruling and insists that the provision just quoted (a) is in terms restricted to sales made "in accordance with this act." and so cannot be applied to any sale wherein some requirements of the act were not followed, and (b) is repugnant to the due process of law clause of the Fourteenth Amendment as applied to the Territory by the organic act.

The Supreme Court of the Territory construed the words "in accordance with this act" as meaning "under this act," and we think this was right. At least, we cannot say that it was manifestly wrong, as must be done

to justify us in rejecting the local interpretation of a territorial statute. *Fox* v. *Haarstick*, 156 U. S. 674, 679; *Treat* v. *Grand Canyon Railway Co.*, 222 U. S. 448, 452. Of course, the provision was intended to have some operation and effect, and it hardly could have any if restricted to sales made in accordance with the act, in the stricter sense, for such sales would be as valid without the provision as with it.

While statutes authorizing tax sales often provide for making and preserving some designated form of record evidence of compliance with the requirements respecting notice of the sale, the subject is one which rests in legislative discretion, being quite apart from those fundamental rights which are embraced in a right conception of due process of law. And if there be legislative provision upon the subject, it does not assume the dignity of an essential element of due process of law in the constitutional sense (*Castillo* v. *McConnico*, 168 U. S. 674, 683), but belongs to that class of regulations of which it is said in *Williams* v. *Supervisors of Albany*, 122 U. S. 154, 164: "Where directions upon the subject might originally have been dispensed with, or executed at another time, irregularities arising from neglect to follow them may be remedied by the legislature, unless its action in this respect is restrained by constitutional provisions prohibiting retrospective legislation." We are not here concerned with retrospective legislation or with any prohibition of it, for, as before shown, the remedial or relieving provision was embodied in the act under which the sales were had.

It is contended, however, that the remedial or relieving provision is so broad in its terms as to give effect to a sale not founded upon a prior assessment or where no opportunity was afforded for a hearing in opposition to the tax, and therefore that it is violative of due process. To this it is a sufficient answer to repeat what was said in *Castillo* v. *McConnico* (p. 680), in disposing of a like contention:

"But, as thus stated, the proposition presents a purely moot question. The plaintiff in error has no interest to assert that the statute is unconstitutional because it might be construed so as to cause it to violate the Constitution. His right is limited solely to the inquiry whether in the case which he presents the effect of applying the statute is to deprive him of his property without due process of law."

As none of the objections advanced in the complaint against the defendant's tax title appears to have been well taken, we think the demurrer was rightly sustained.

*Decree affirmed.*