Mitchell v. Frietze, 20 N. M. 583.

---

[No. 1733, August 3, 1915.]

MITCHELL v. FRIETZE et al.

SYLLABUS BY THE COURT.

1. The provisions of chapter 62, Laws 1882, and Comp. Laws 1884, §§ 2806-2922, held not to authorize the assessment of real estate to "the heirs" of the deceased owner, and held to require the assessment, in cases like the present, where the interest claimed or owned is an undivided interest, to be made against "unknown owners."

P. 586

2. The prima facie showing as to the regularity of tax proceedings furnished by a tax deed, under the provision of section 2983, Comp. Laws 1884, and section 4101, Comp. Laws 1897, held to be overcome by the tax list found in the assessor's office which is neither signed nor verified by the taxpayer, nor any person for him, nor by the assessor; the inference therefrom being drawn, in the absence of other proof, that neither the owner, nor any person for him, made the list, and that the assessor, being the officer charged by law with the duty of listing the property, if not listed by the owner, or some person for him, is the officer who erroneously listed and assessed the property to "the heirs" of the deceased owner.                                               P. 590

Appeal from District Court, Dona Ana County; Medler, Judge. ·

Suit to quiet title by James P. Mitchell and others against Guadalupe C. Frietze and others. From a decree for complainants, defendants appeal. Affirmed.

J. H. PAXTON of Las Cruces, for appellants.

The several assessments in the names of the heirs of certain persons, without enumerating them, were authorized by law.

Sec. 2814, C. L. 1884; sec. 2812, C. L. 1884; secs. 2814, 2822, 2825, 2847, 2848, C. L. 1884; Batchelder v. City of Cambridge, 57 N. E. 664; Inhabitants of Elliott v. Spinney, 69 Me. 31; Kelly v. Herrall, 20 Fed. 366; U. S. v. Hodson, 77 U. S. 395; Bacon v. Bd. St. Tax Comsrs., 126 Mich. 22, 85 N. W. 307, 86 Am. St. R. 529.

It is proper for the assessor to assess property which the owner fails to list for the current year, and likewise it is proper for him to then list such property for the years back when it was not listed, although he goes further back than the date of the statute under which he is exercising the right.

Secs. 2847, 2848, C. L. 1884.

Mitchell v. Frietze, 20 N. M. 583.

By virtue of the tax deed it is presumed that the land was subject to taxation during the years covered by the assessment and arrearages, these years being stated in the deed.

State v. Memphis & C. R. Co., 82 Tenn. (14 Lea) 56.

Property which has escaped taxation is subject to taxation in the hands of a subsequent purchaser for the years it has escaped.

Sturges v. Carter, 114 U. S. 511; Wade v. Kimberley, 5 Ohio Circ. Ct. R. 33; Gager v. Prout, 48 Ohio St. 89, 26 N. E. 1013.

MARK B. THOMPSON and H. B. HOLT of Las Cruces, for appellees.

The provisions of the statutes as to the form and mode of assessment are mandatory, not directory; they must be followed or the acts done under them will be invalid.

French v. Edwards, 80 U. S. (13 Wall.) 506; Lyon v. Alley, 130 U. S. 177; Cooley Taxation, 216, 217, 218; Williams v. Peyton's Lessee, 4 Wheat. 76; Thatcher v. Powell, 6 Wheat. 119; Reynolds v. Longworth, 14 How. 76.

The property was assessed by the assessor. Hence he was bound to follow the provisions of the law in regard to assessments. If the name of the owner of the property assessed by him was to him known, the law required him to make the assessment in that party's name; if unknown, to make the assessment to "unknown owners." Secs. 2816, 2821, 2830, 2831.

Every material prerequisite of the sale must be shown to have been fully complied with, or the sale is void.

Ronkendorff v. Taylor, 4 Pet. 359; Mason v. Fearson, 9 How. 260; Early v. Doe, ———, 15 How. 617; Cober v. Board of County Commissioners, 6 N. M. 121.

Both the assessment schedule and deed erroneously re-
cite the owners as the "Heirs of S. Orcasitas or Santos
Orcasitas and Anastacia Garcia."

Territory v. Perea, 10 N. M. 362; Stewart v. Board of
County Commissioners, 11 N. W. 517.

### OPINION OF THE COURT.

PARKER, J.—This is a suit to quiet title resulting in
a decree for plaintiffs and appellees. Plaintiffs relied
upon certain mesne conveyances showing a good paper
title, which are not questioned by defendants and appel-
lants. Appellants relied upon a tax title. The tax sale
was made April 10, 1886, and the tax deed was made Ap-
ril 15, 1890. Both parties claim under a common former
owner. It therefore becomes necessary to examine the
tax title of appellants, the lower court having held the
same to be void. The assessment and levy of the taxes
which resulted in the tax deed under which appellants
claimed were made in the years 1883, 1884, and 1885.
The assessment and levy in 1883 were for the years 1876
to 1883, inclusive. By stipulation the original schedule
for the three years above mentioned are before us as a
part of the record. They disclose that in each instance
the property was listed as the property of "the heirs of
Santos Orcasitas and Anastacia Garcia." They also dis-
close the fact that in no instance were the schedules sign-
ed by the owners, and in only one instance, that of 1885,
is the schedule signed by the assessor. The schedules pur-
port to have been made out by the assessor, and they will
be so considered by us. The tax rolls for the same years
show the same designation of the owners of the property,
as do also, the record of tax sales, and the tax deed.

[1] The claim is made by appellants that the listing
of property by the assessor to "the heirs" of a former
owner was expressly authorized by the statute of the ter-
ritory then in force, while the appellees claim that prop-
erty, in these circumstances, was required to be assessed
to "unknown owners." The statute governing tax pro-
ceedings at the time this tax was laid is chapter 62, Laws

of 1882, which was compiled as sections 2806 to 2922, inclusive, of the C. L. 1884. This was a comprehensive act and purports to cover the whole field of the assessment of property for taxation, and the levy and collection of taxes.

The pertinent provisions of the act, as compiled in 1884, are as follows:

> "Sec. 8212. Every inhabitant of this territory, of full age and sound mind, shall assist the assessor in listing all property subject to taxation in this territory of which he is the owner or has the control or management, in the manner hereinafter directed: The property of a ward is to be listed by his guardian; of a minor, by his father, if living, if not by his mother, if living, and if not by the persons having the property in charge; of a married woman, by herself or husband; of a beneficiary for whom property is held in trust, by the trustee; the personal property of a decedent, by the executor or administrator; of a body corporate, company, society or partnership, by the principal accounting officer, agent, or partner; property under mortgage or lease is to be listed by and taxed to the mortgagor or lessor, unless it be listed by the mortgagee or lessee."

> "Sec. 2814. Any person required to list property belonging to another, shall list it in the same county in which he would be required to if it were his own, except as herein otherwise directed, but he shall list it separately from his own, giving to the assessor the name of the person or estate to whom it belongs; but the individual property of a person deceased belonging to his heirs, may be listed as belonging to his heirs without enumerating them."

> "Sec. 2821. When the name of the owner of any real estate is unknown, by reason of the failure of the owner to list the same, and the assessor finds it impracticable to obtain the name, it

shall be lawful to assess such real estate without connecting therewith any name, but inscribing at the head of the page the words, 'owners unknown,' and such property, whether lands or town lots, shall be listed, as near as practicable, in the order of the numbers thereof, and in the smallest subdivision thereof possible."

"Sec. 2830. If the owner or claimant of any property, not listed by another person, is absent or unknown, the assessor must make an estimate of the value of such property, and if the name of the absent owner is known to the assessor, the property must be assessed in his name; if unknown, the property must be assessed to 'unknown owners.'"

"Sec. 2831. If any tract of land is claimed by several persons having or claiming undivided interests therein, and the same is not listed for taxation by any one, the assessor shall make an estimate of the value of such tract, and list and assess the same to 'unknown owners,' designating the property by its name as commonly known, and such description as he can obtain thereof from the public records or otherwise."

Section 2812 provides who shall be authorized and required to list property for taxation. Section 2814 provides that where property is listed by one other than the owner, as contemplated by section 2812, it may be listed in a proper case as belonging to "the heirs" of a deceased person, without enumerating them. It is perfectly clear that, under these two sections, the guardian or father or mother, or the person having the property in charge, might have listed the same as belonging to "the heirs" of a deceased owner.

On the other hand, when the statute comes to treat of the duties of the assessor, an entirely different principle is adopted. Thus by section 2821 it is provided that, where by reason of the failure to list the property the name of the owner is unknown and it is impracticable to obtain the

Mitchell v. Frietze, 20 N. M. 583.

name, the assessor may list the same to "unknown own-ers." Here no authority is given the assessor to list prop-erty in the name of "the heirs," but there is a clear intent to require him to obtain the name of the owner, if practi-cable, and to list the same in his name. So by section 2830, if the name of the absent owner is known to the assessor the property must be listed in his name; but, if his name is unknown, it must be listed to "unknown own-ers." Section 2831 would seem to apply, in terms, to the situation in this case. It provides that where undivided interests are claimed or owned, as in this case, the asses-sor, in case of failure to list by the owners, shall list the property to "unknown owners." It thus clearly appeats that the assessor is nowhere authorized to list property for taxation as the property of "the heirs" of deceased owner, but, on the contrary, he is required to list the property in the name of the owner, when known, or when it is prac-ticable to obtain the same, and otherwise he must list the property in the name of "unknown owners"; and in cases like the present, where the interest is an undivided one, and has not been returned by the owners, he must, in any event, list the property to "unknown owners." Counsel for appellants calls attention to the fact that the assessor is required to visit each precinct in his county and exact from each taxpayer a list of his property upon blanks fur-nished by the assessor, and if any taxpayer fails to render such list, it is the duty of the assessor to make out such list and assess a penalty of 25 per cent. of the value of the property, as provided by sections 2822, 2823, 2824, and 2825, C. L. 1884. The argument is made thereon that the assessor, himself, is one of the persons "required to list property belonging to another," as provided in section 2814, above referred to, and may therefore list it in the names of "the heirs" of the deceased owner. The argu-ment is clearly faulty. The word "person" in the section evidently refers to those persons mentioned in section 2812, above quoted. If it had been intended to include

the assessor, the words "persons or officers" would clearly have been employed.

[2] Counsel also relies upon section 2893, C. L. 1884 (section 4101, C. L. 1897), which makes provision as to the probative force of a tax deed, and which provides in effect that such deeds shall be prima facie evidence that all of the tax proceedings have been regular. Counsel asserts that the lists for 1883 and 1885 were made by either the assessor or collector, but that the list for 1884 must be presumed, under the provisions of section 4101, C. L. 1897, supra, to have been made by the owners, or some authorized person for them, there being no evidence to the contrary, and that this assessment alone will support the tax title. The trouble with the argument, however, is that the prima facie showing made by the tax deed has been overthrown by the proofs in the case, which show that the listing and assessment of the property was without authority of law. The conclusion that it has thus been overthrown is based upon the assumption that the tax lists, including that for 1884, show that they were not made by the owners or any other authorized person for them, as provided by sections 2812 and 2814, C. L. 1884, supra, and, consequently, must have been made by the assessor, who is the only other authorized person or officer to do the same. That neither the owners, nor any authorized person for them, listed the property, is apparent. The statute requires that the list be made out by the owner, or some person for him, and that it be verified by the person making the same. See sections 2822, 2823, 2824, C. L. 1884. In this case none of the lists were signed or verified by any one, except in the case of the list for 1885, which was signed by a person purporting to be the assessor. The conclusion is irresistible that the list was not signed or made by the owners or any person for them, and, the assessor being the only authorized officer to list the property at the time it was listed, the further conclusion is drawn that the property was listed and assessed by

the assessor. This proof is deemed sufficient to overcome the prima facie proof by the tax deed.

It follows from what has been said that the action of the trial court, holding the tax title of appellants to be unavailing, and awarding the relief prayed for, was correct, and should be affirmed, and it is so ordered.

HANNA, J., concurs.

ROBERTS, C. J., being absent, did not participate in this decision.

### SYLLABUS BY THE COURT.

