[No. 1789, July 18, 1916.]
## GLASGOW v. PEYTON et al.

### SYLLABUS BY THE COURT.

1.  Section 4157, Comp. Laws 1897 (section 5509, Code 1915), was not repealed by chapter 84, Laws 1913. Case of Crane v. Cox, 18 N. M. 377, 137 Pac. 589, distinguished.

P. 101

2.  In an affidavit for attachment, under section 4311, Code 1915, it is not necessary, where defendant is a nonresident, to state in such affidavit the residence of the defendant, if known, or the fact that his place of residence is unknown, where such is the fact, nor is it necessary for a copy of the complaint and summons to be mailed to such defendant, as required in ordinary civil actions by section 4096, Code 1915.

P. 103

3.  Where the state proceeds in attachment, and sells property of the attachment defendant to satisfy a claim for taxes, and such defendant later brings suit to quiet his title to such property so sold, against the purchaser thereof, under such sale, and alleges facts attacking the right of the state to proceed in a given statutory method (section 5509, Code 1915), and the complaint shows on its face that the state did not thus proceed, such complaint is demurrable because it states no facts showing that the judgment in attachment was void.

P. 103

Error to District Court, Otero County; E. L. Medler, Judge.

Action by J. D. Glasgow against J. C. Peyton and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

EDWIN MECHEM of Alamogordo, for plaintiff in error.

W. H. WINTER of El Paso, Tex., and HOLT & SUTHERLAND of Las Cruces, for defendants in error.

### OPINION OF THE COURT.

ROBERTS, C. J.—This action was instituted in the court below by the plaintiff in error against the defendants in error, to quiet title to certain real estate situate in Otero county, this state, and to enjoin defendants in error from removing certain fixtures and personal property from said real estate. Demurrer was filed by defendants in error to the second amended complaint, which was sustained by the court, and plaintiff in error elected to stand upon his complaint. Thereupon the court entered a judgment dismissing the complaint and dissolving the temporary injunction theretofore issued. From this judgment this writ of error is prosecuted.

The facts may be briefly stated as follows: In the years 1910, 1911, and 1912, the property involved in this litigation was owned by the Orogrande Smelting Company, and the same was assessed for taxation purposes by the taxing authorities of Otero county. Such taxes had not been paid in April, 1913, and the district attorney instituted suit in the district court of Otero county against said company and A. G. Wilcox and J. G. Glasgow, the two last-named defendants having purchased said property from the smelting company, or at least were claiming some right or interest in the property. The complaint alleged that there was due and unpaid, for taxes, the sum of $2,556.55, together with interest and costs of suit. The state of New Mexico was named as plaintiff. Apparently the suit was instituted under the provisions of section 5509, Code 1915, which reads as follows:

"Whenever, in his judgment, it may be proper, the Attorney General, district or state attorney shall bring suit at law for the recovery of taxes which may be due from any person, or upon any property, where the amount exceeds one hundred dollars. Such suit shall be in the name of the state, and shall be against the person assessed, except where the assessment is against unknown owners, in which case the suit shall be against the property which is liable for the tax. If the tax be a lien upon any real estate, the fact shall be stated in the complaint, together with a description of such real estate. The suit shall be for the full amount of state, county, school, or license taxes, then due and unpaid, whether by reason of one, or more than one, assessment. The judgment in such a case, if in favor of the state, shall,

in addition to other ordinary requisites, contain a description of the real estate, if any, upon which such taxes are a lien, and shall itself be a lien thereon, and shall contain an order for the sale thereof. The order of sale shall likewise contain a description of such real estate, and shall be directed to the sheriff of the county wherein such real estate is situate: Provided, that in such cases no appraisement shall be required. The judgment rendered in such suit shall also have the effect of a general judgment against the person. When suit is brought under this section against real estate, process shall be served upon any person residing upon, or exercising authority over, the premises, if any there be, an ! by publication, as required by law in the case of non-resident defendants, and such service shall bind all persons having interest in such real estate."

Summons was issued, as required by such section, and service was had upon the agent of the smelting company and Wilcox, but no service of such summons was obtained upon Glasgow. All the defendants were nonresidents of the state of New Mexico. No further attempt was made, under such section, to obtain service upon such defendants by publication, but thereafter, on the 15th day of April, 1913, an affidavit in attachment was filed by the county treasurer of said county, with the clerk of said court, wherein he alleged that said defendants were indebted to the state of New Mexico in the sum named, and that such defendants were nonresidents of the said state. Thereafter a writ of attachment was issued by the district court, under which the sheriff seized all the real estate and property involved in this litigation. Thereafter service by publication was made in accordance with the provisions of section 4311, Code 1915, which reads as follows:

. "Whenever property of a defendant has been attached and it shall appear from the affidavit for attachment and the return of the sheriff, that such defendant cannot be personally served with process, the court shall order a publication to be made stating the nature and amount of the plaintiff's demand, and notifying the defendant that his property has been attached, and that unless he appears at the return day named in said publication, judgment will be rendered against him and his property sold to satisfy the same; which notice by publication shall be published in the manner prescribed by law for the publication of other notices from the district courts."

Thereafter, on the 14th day of February, 1914, judgment was entered for the state for said sum of $2,556.55, and certain stated amounts as costs, and the attached property was ordered sold to satisfy the same. The property was sold by the sheriff to J. C. Payton for an amount sufficient to satisfy the judgment, costs, etc., and deed to the same was executed by the sheriff and approved by the court. On the 20th day of July, 1914, Glasgow filed his second amended complaint herein, in which he sets forth substantially the above facts and other facts not material, and made all the pleadings, papers and judgment in the tax case parts of his complaint, as exhibits. He alleged that the decree and sale in said cause, 1228, the original tax suit, were void for the following reasons:

"(a) That as to the date of the commencement of said action and of said sale the only procedure for the sale of property delinquent for taxes was the procedure provided in chapter 84 of the 1913 session of the Legislature of New Mexico, the same being the second regular session of the First Legislature of the state of New Mexico, and at said time there was no provision of law for the collection of taxes by suits at law; (b) that there was no service in said cause upon this plaintiff, either by publication or otherwise, for the reason that the notice of pendency of suit was published without authority, because no affidavit was filed with the clerk of this court, as provided by law in cases of suits against nonresident defendants, and no copy of said complaint and summons in said cause was deposited in the post office addressed to this plaintiff at his place of residence, and that the summons served on J. J. Murray was not served on him as the agent of this plaintiff; (c) that the property on which said taxes were said to be a lien were not described in said complaint; (d) that the said decree does not describe the property upon which the taxes were claimed to be a lien; (e) that the publication of the notice of the pendency of said suit did not contain a description of the property upon which said taxes were claimed to be a lien; (f) that said notice of sale did not contain a description of the property upon which said taxes were claimed to be a lien; (g) that at the time of the commencement of the said action the taxes for the last half of the year 1912 were not delinquent; (h) that at the time of making of the said decree the taxes for the last half of the year 1912 were not delinquent; (i) that there was no advertisement made by the treasurer and ex-officio collector of Otero county, advertising said property as delinquent for the years 1910, 1911, and 1912, and stating that he would apply to the judge of the district court at the next return day thereof for

judgment against the said land for taxes; (j) that this plaintiff acquired said property after the lien for taxes had attached, and therefore no personal judgment could be entered against him and the property upon which the taxes were not a lien for taxes upon property upon which he was not personally liable; (k) that all of the said property described in paragraph 5 is a part of the realty of said south half of the southeast quarter of section 14, township 22 south, range 8 east, which said realty is owned in fee-simple title by this plaintiff, and was not described in said decree or notice of sale nor was the same purchased by the defendant at the said sheriff's sale; (l) the said James Hunter in selling said property did not offer the personal property for sale first, or offer said real estate in parcels to see if a part of said property would bring an amount sufficient to satisfy said judgment, but sold all of said property in bulk, to the great and irreparable loss and injury of this plaintiff, for the reason that said property is reasonably worth the sum of $20,000, and this plaintiff believes and alleges that if said personal property had been offered separately, or if said real estate had been sold in parcels, a small portion thereof would have brought the amount necessary to satisfy said judgment; (m) that the amount of taxes for which said property was sold was $2,556.55, whereas the amount of taxes due and owing upon said property was the sum of $2,471.29; (n) that said complaint shows upon its face that this plaintiff acquired said property after the lien for taxes had attached, and therefore no personal judgment could be rendered against him."

To this complaint defendants in error demurred upon the ground that it failed to state facts sufficient to constitute a cause of action, and, under a second specification of ground of demurrer, several distinct grounds were specified. However, in the view we take of the case, it is not necessary to consider or refer to these several specific specifications. The demurrer was sustained generally; hence we are required to determine whether the complaint stated facts sufficient to constitute a cause of action.

[1] Plaintiff in error, in his complaint, proceeded upon the theory that the original judgment, rendered in the attachment suit, was void because section 5509, Code 1915, had been repealed by chapter 84, S. L. 1913, and that section 34 of said act (section 5495, Code 1915), provides the exclusive method for the sale of property for nonpayment of taxes. In the case of Crane v. Cox,

18 N. M. 377, 137 Pac. 589, Mechem, District Judge, who wrote the opinion for this court, said:

"Chapter 84, Laws 1913, went into effect immediately upon its approval, March 18, 1913, and as it expressly repealed chapter 22, Laws 1899, it provides the only procedure for the sale of property for delinquent taxes."

In that case, however, section 5509, supra, was not involved, and was not called to the attention of the court. The court correctly held that chapter 22, Laws 1889, was repealed, and as the question before the court was as to whether the act of 1913 applied and prescribed the method and procedure for the sale of real estate for taxes which has become a lien prior to the passage of said act, by the county treasurer, in a summary manner, upon publication of the prescribed notice, it was properly said that the later act provides the only method of procedure for the sale of property for delinquent taxes.

Section 5509, supra, was originally enacted March 1, 1882, and was carried into the Compilation of 1897 as section 4157, and was designed to afford the state a remedy, by judicial proceeding, for the collection of taxes due it. It provided a remedy for the foreclosure of the lien and the sale of the property, and, where such statute is followed, it gives the state a right to a personal judgment for the taxes. If the statute is repealed by the act of 1913, it is only by implication, for there is no express repeal. Since its enactment in 1882 many changes have been made in the taxing laws, and different methods have been provided for the summary enforcement of the collection of taxes by advertisement and sale by the county treasurer, but this section has been retained and frequently resorted to by district attorneys for the enforcement of payment. In Lewis' Sutherland Statutory Construction, § 247, it is said:

"Repeals by implication are not favored. This means that it is the duty of the court to so construe the acts, if possible, that both shall be operative. When some office or function can, by fair construction, be assigned to both acts and they confer different powers to be exercised for different purposes, both must stand, though they were designated to operate upon the same general subject."

Section 5509 we believe falls within this rule. While it is true the act of 1913 provides a remedy for the sale of real estate for taxes, by the county treasurer, upon prescribed notice published as required by the act, this section furnishes a remedy, by judicial proceeding, in which the lien of the state may be established by decree of a court of competent jurisdiction, thereby establishing beyond question the validity of the lien, and giving to the purchaser at the sale a perfect title, as against the delinquent taxpayer.

[2] The procedure adopted by the district attorney in cause 1228, the original suit, was most remarkable. Apparently he intended to institute suit under section 5509, which certainly afforded the state an ample remedy. The taxes were a lien on the real estate, and by following the simple procedure prescribed by that section he could have accomplished all that he sought. He did not give notice as required by such section, however, but elected to file an affidavit in attachment, setting up the fact that defendants were nonresidents of the state of New Mexico. Upon this publication was issued which conformed to section 4311, Code 1915. This section, it will be observed, provides the manner and method of obtaining service where it appears from the affidavit for attachment and. the return of the sheriff that such defendant cannot be personally served with process, which is by publication. This is somewhat different from the requirements in ordinary actions which are governed by sections 4095 and 4096, in that it is not necessary to state in the affidavit the residence of the defendant, if known, nor is it necessary to mail a copy of the complaint and summons to the defendant when his residence is known. Apparently all the provisions of the statute, relating to attachment proceedings, were followed by the district attorney.

[3] Plaintiff in error, in his complaint, evidently proceeds upon the theory that the district attorney was attempting to follow section 5509, and that, not having done so, the judgment rendered was void. He sets up repeated allegations, stating wherein such section was not

observed, and, upon these departures from the statute, or failure to comply therewith, he bases his right to quiet his title to the real estate. In this he is in error, for clearly there was no attempt to follow this section, and the files in cause 1228, which he makes a part of his cause of action, show, as we have stated, that the state proceeded under the attachment statute, and the complaint herein so alleged. Whether the state could thus proceed would present a very interesting question were it here for consideration, but its right to do so was not challenged by any allegation in the complaint; hence cannot be considered in passing upon the questions raised by the demurrer. All that plaintiff in error has alleged in his complaint might be true and still not affect the right of the state to proceed as it did by way of attachment, or the legality of the sale under such proceedings. For example, he says that:

"The property on which said taxes were said to be a lien were not described in the complaint."

Under section 5509 the property should have been described in the complaint, but if a remedy by attachment is available, it would not be necessary to describe the property upon which the tax was levied in the complaint. Other reference need not be made, as we have set out heretofore all the allegations of the complaint which plaintiff in error sets out for the purpose of showing the invalidity of the judgment which he is attacking.

The demurrer was sustained generally, and we are unable to determine the views of the trial court; hence must look to the complaint and determine from it whether facts sufficient to constitute a cause of action are stated. Certainly a showing of non-compliance with section 5509 does not invalidate a judgment rendered upon attachment proceedings, wherein, so far as we are advised by the complaint, every requisite step may have been taken as required by law.

For the reasons stated, the judgment must be affirmed; and it is so ordered.

HANNA and PARKER, J.J., concur.