(No. 2048.  February 16, 1918.)

## COOPER v. HILLS.

### SYLLABUS BY THE COURT.

1. Assuming that section 4101, C. L. 1897, is in force, the prima facie case made thereunder by introduction of tax deed held overcome by proof that assessment was made in the name of a person not the owner of the property.   P. 697.

2. An assessment made in name of stranger to title is irregular under chapter 22, Laws of 1899, and sale under chapter 84, Laws 1913, based upon such assessment, held void.                                                          P. 698.

Appeal from District Court, Chaves County; McClure, Judge.

Suit by Eva M. Cooper against James H. Hills and another. Judgment for plaintiff and defendant Hills appeals. Affirmed.

R. D. Bowers, of Roswell, for appellant.  Ed S. Gibbany and I. S. Epstein, both of Roswell, for appellee.

## OPINION OF THE COURT.

HANNA, C. J. This case was instituted in the district court for Chaves county by Eva M. Cooper, the appellee, against J. C. Ellis and Amelia E. Ellis, his wife, upon a promissory note for $1,250, with interest and attorney's fees, and to foreclose a mortgage upon real estate given to secure the payment of said note. The note and mortgage were executed on June 17, 1910. The appellant James H. Hills was made a party defendant upon the allegation that he claimed some interest in the mortgaged property under an alleged mortgage lien. This the appellant denied, asserting that his title thereto should be quieted as against the alleged interest therein of appellee. Appellee introduced in evidence the note and mortgage and other documentary evidence of ownership thereof, and rested. Appellant introduced in evidence a tax deed, dated June 9, 1916, conveying the property to Lyman A. Sanders, and a quit-claim deed from Sanders and his wife and another to appellant, dated July 8, 1916. The tax deed recited that the property had been assessed for taxation purposes in the year 1911 against S. R. Hobbie, the owner, and the taxes having become delinquent the property was sold, according to law, to the county; the duplicate certificate of sale having been thereafter assigned to Sanders. It was recited that the sale for delinquent taxes took place on March 27, 1913. Thereupon, the appellee rested. A certified abstract of title to said property was then introduced in evidence by the appellee, which disclosed that S. R. Hobbie was never the owner of said property, and that in 1911 the title thereof stood in the name of J. C. Ellis, one of appellee's mortgagors. The proof of appellee also disclosed that Ellis and wife executed their mortgage deed on the lands in question, in favor of appellant on September 5, 1913.

[1] In the opinion and findings of the trial court, it was stated that section 4101, C. L. 1897, had been repealed because not carried forward or inserted in the Code of 1915, and consequently the burden of proving the recitals of a tax deed rested upon the one

who was claiming thereunder.    But it went further, and, for the purpose of determining the merits of the question presented, assumed that said section was in full force and effect and held that the prima facie case made thereunder by the appellant had been overcome by proof of appellee showing that the property was assessed in the name of a stranger to the title. The case of Mitchell v. Frietze, 20 N. M. 583, 590, 151 Pac. 235, was cited by the trial court as its authority for that holding.   In that case one of the defects in the assessment was in making the same against the heirs of named persons.   The law required assessments to be made in the name of the owner or against "unknown owners."    The court held that proof of the assessment as so made overcame the prima facie case made by the tax deed under section 4101, C. L. 1897.    That case is decisive of this proposition and is ample authority for sustaining the conclusion of the trial court on this question, assuming that said section is still in force.

[2] Appellant, however, goes a step farther and contends that the assessment of 1911 was valid when made, because of the force of the curative provisions of section 25, c. 22, Laws of 1899, and consequently cannot be attacked now.    That portion of said section material to this inquiry is as follows:

"* * * And if such property is described * * * for any year by such description as will serve to identify the same, the sale of such property for taxes * * * shall not be void or set aside on account of any error or irregularity in listing the same upon such roll * * * either as to the name or names of the owner or owners thereof, or by reason of its being listed in the name of the wrong person. * * *"

This section has been before the court on several occasions.   In Straus v. Foxworth, 16 N. M. 442, 117 Pac. 831, and Id., 231 U. S. 162, 34 Sup. Ct. 42, 58 L. Ed. 168, it was considered in conjunction with other provisions of the act and held to preclude the invalidation of a tax sale made thereunder except upon jurisdictional grounds.   See, also, Maxwell v. Page, 23 N. M. —, 168 Pac. 492.   That an assessment made in the

name of the wrong person, where the owner fails to observe his statutory duty in listing the property or seeing that it is properly listed, constituted a defect or irregularity which would not vitiate a sale made under the tax law of 1899, was decided in Knight v. Fairless, 23 N. M. —, 169 Pac. 312. But that case is not decisive of the question now under discussion, because there the sale was made under the act of 1899; whereas, here the sale was made under the act of 1913.

Chapter 22, Laws of 1899, was repealed by chapter 84, Laws of 1913, and the latter act was in effect when the sale was made in the case at bar. The case of Crane v. Cox, 18 N. M. 377, 381, 137, Pac. 589, and Glasgow v. Peyton, 22 N. M. 97, 101, 159 Pac. 670, are authority for the proposition that, upon said repeal of the laws of 1899, the only law in force for the sale of property for delinquent taxes was chapter 84, supra, with the exception of section 5509, Code 1915, which prescribes a remedy by "judicial proceedings." The assessment in 1911 was irregular, in that the law then required that it should be made in the name of the owner of the property or in the name of unknown owners. Sections 4026 and 4040, C. L. 1897. But while it was irregular in that respect, the Legislature saw fit to provide that such irregularity should not vitiate the sale was made by virtue of such assessment and its delinquency. In 1913, however, this was changed; no healing or curative provisions having been inserted in the act of 1913. Nor did the act contain a saving clause. Consequently, sales for delinquent taxes made after the act of 1899 was repealed are governed by the law in force at the time the sale is made. The appellant, having acquired no rights under the tax sale law of 1899, cannot invoke the provisions of that law in defense of the sale under the act of 1913. If a right had been acquired under the tax sale law of 1899, a different question would be presented. The sale in the case at bar must be held invalid on the ground that the assessment upon which it was founded was irregular. Territory v. Perea, 10 N. M. 362, 370, 62 Pac. 1094.

The judgment of the trial court will therefore be affirmed, and it is so ordered.

PARKER and ROBERTS, J. J., concur.