## KRAUSS BROS. LUMBER CO. v. DAMP-SKIBSSELSKABET NORDEN AK-TIESELSKAB.

District Court, S. D. New York.
April 19, 1933.

On Reargument, May 9, 1933.

Bigham, Englar, Jones & Houston, of New York City (Alfred Ogden, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Michael F. Whalen, of New York City, of counsel), for respondent.

CAFFEY, District Judge.

On the authority of Pacific Can Company v. Williams Steamship Corporation, 1933 A. M. C. 115,[1] the second exception is sustained.

I am unable to pass upon the first exception. The phraseology of the notice and suit provisions of the bills of lading have not been put before me. I have three times searched what purports to be a photostat copy which, by stipulation, has been added to the libel; but in it I do not find the clauses discussed at the oral argument. This may be due to the

---

[1] No written opinion filed.

fact that the photostat is in large part wholly illegible.

The first exception is overruled, without prejudice.

### On Application for Reargument.

Following my memorandum of April 19, the respondent has furnished me a clear copy of the notice and suit clause in the several bills of lading. Upon this, application has been made for reargument of the first exception.

The voyage of the vessel was from a port in British Columbia to the ports of Newark and New York. The vessel arrived at the ports of discharge on November 3, 1931. Suit was commenced on December 21, 1932. There intervened, therefore, upwards of thirteen and a half months.

The burden is upon the libelant to prove compliance with or excuse for complying with or waiver of the notice clause [Bank of California, N. A. v. International Mercantile Marine Company (C. C. A. 2) 64 F.(2d) 97; Cudahy Packing Co. v. Munson S. S. Line (C. C. A.) 22 F.(2d) 898], and the suit clause [Schnell v. United States (C. C. A.) 30 F.(2d) 676]. Moreover, the libelant must allege such compliance or excuse or waiver. Cudahy Case, supra, at page 901 of 22 F. (2d). See, also, President Harrison, 1933 A. M. C. 268;[2] The Sagadahoc (D. C.) 291 F. 920; Frey v. New York Central & H. R. R. Co., 114 App. Div. 747, 100 N. Y. S. 225; Westerfield v. Fargo, 80 Misc. 40, 141 N. Y. S. 544. Green Star S. S. Co. v. Nanyang Bros. Tobacco Co. (C. C. A.) 3 F.(2d) 369, is to the contrary, but I am bound by the Cudahy Case.

It is claimed that the general allegation in paragraph 7 of the libel that libelant "has duly complied with all the conditions precedent of the bills of lading on its part to be performed" is sufficient to require postponement until the trial of inquiry into whether there has in fact been compliance. In the first place, it is to be noted that clause 12 of the bills of lading requires that notice of claims for loss or damage to cargo during the voyage be given within ten days of arrival of the vessel at the port of discharge and that no suit shall be maintained if brought after sixty days from such date of arrival. It appearing upon the face of the pleading, coupled with the court records, that it was more than thirteen and a half months after arrival at the ports of discharge before com-

mencement of suit, it is manifest that the sixty days' suit clause was not complied with. It would be mere waste, therefore, to put the parties to the expense of a trial in the absence of some stated ground in the libel for excuse from or waiver of compliance. In the second place, the general form of statement in paragraph 7 of the libel is no more, under the circumstances, than a mere conclusion of the pleader. Straus v. Foxworth, 231 U. S. 162, 34 S. Ct. 42, 58 L. Ed. 168; The Fred E. Sander (D. C.) 212 F. 545.

It does not seem to me that Louisiana & W. R. Co. v. Gardiner, 273 U. S. 280, 47 S. Ct. 386, 71 L. Ed. 644, has any bearing upon the issue with which we are here dealing. There, with respect to a bill of lading clause relating to an interstate shipment, it was held that certain provisions of the statutes of the United States governing the subject invalidated the clause. Here there is involved a clause in bills of lading issued by an ocean carrier engaged in commerce between a foreign port and ports of the United States.

First exception sustained. Settle order on two days' notice.

---

[2] No written opinion filed.