## [No. 2782.   Oct. 13, 1922.]

### SYLLABUS BY THE COURT

(1)  "School year," as used in Chapter 83, Laws 1919, is synonymous with "school term," and therefore in ungraded rural schools employing first grade certificate teachers the maximum budget allowance for maintenance of such schools, except for construction of schoolhouses, etc., is $990 per school term.                           P. 222

(2)  Chapter 83, Laws 1919, is not a local and special law violating Section 24, Art. 4, State Constitution.     P. 224

(3)  The \due process of law clause has no application to public rights.                                       P. 225

(4)  The denial of equal rights or the imposition of unequal burdens can be pleaded only by those discriminated against.                                             P. 225

Appeal from District Court, Santa Fé County; Holloman, Judge.

Suit by the McKinley County Board of Education against the State Tax Commission and others, to enjoin defendant from certifying its rural school budget. From a judgment dissolving the temporary writ and dismissing the suit, plaintiff appeals.   Affirmed.

J. W. Chapman, of Gallup, for appellant.

H. S. Bowman, Atty. Gen., A. M. Edwards, Asst. Atty. Gen., E. H. Wright, of Santa Fé, and Geo. S. Downer, of Albuquerque (J. O. Seht, of Santa Fe, of counsel) for appellees.

### OPINION OF THE COURT

BARNES, J.   The McKinley county board of education filed suit to enjoin the State Tax Commission from certifying its rural school budget for 1922. After hearing, the temporary writ was dissolved, and the suit dismissed, and this appeal has been perfected from that judgment.

The case here has been advanced because of its public importance.   It indirectly involves the amount which may legally be paid certain school-teachers of the state

and the making of school levies has been delayed awaiting a determination of this case.

[1]    The first question for decision is whether, in ungraded rural schools employing first grade certificate teachers, the maximum amount which may be spent during the year is $1,320 or $900. The latest expression of the Legislature on this particular subject is chapter 83, Laws 1919, which provides:

"Section 1.    That Section five (5) of Chapter seventy-nine (79) of the Session Laws of 1915 is hereby amended to read as follows:

" 'The board of county commissioners shall annually, at the time of levying other taxes, levy a special school tax not to exceed eighteen mills upon all taxable property of its respective county, which, together with the other revenues provided by law, shall produce sufficient revenue to support and maintain said schools in municipal school districts and in rural school districts where there is or is to be established a graded school with at least four teachers, for the full period of nine (9) months, and in rural school districts for the full period of seven (7), eight (8) or nine (9) months in accordance with the estimates as made and finally passed upon for such districts. And provided further that the amount which may be expended by any rural school district, where no such graded school is maintained, for all purposes except the construction, purchase, lease, repair, or equipment of school houses, shall not during any school year exceed the sum of seventy dollars ($70.00) per month per school room in which a teacher holding a third grade certificate is employed nor more than ninety dollars ($90.00) per month per school room in which a teacher holding a second grade certificate is employed nor more than one hundred and ten dollars ($110.00) per month per school room in which a teacher holding a first grade or higher certificate is employed, and provided further that no such rural school district shall be entitled to more than one school room for each fifty children or fraction thereof of school age within the district, provided, in kindergarten grades and primary grades the county board of education shall employ first grade teachers only, if the same can be secured.'

"Sec. 2.    So much of Section 4954, New Mexico Code of 1915, as is inconsistent herewith is hereby repealed, and Chapter 74 of the New Mexico Session Laws of the year 1915 is repealed in so far as the same affects school levies and salaries of school teachers."

What constitutes a "school year" in this state cannot be settled by the exact terms of any statute.  Sec-

tion 4838, Code 1915, contains the following provision:

"The scholastic year for all schools and educational institutions of whatever nature in the state of New Mexico shall end June fifteen of each year."

This would appear to be a sufficient definition for the purpose of interpreting the purpose and meaning of the Legislature in using the term "school year" in chapter 83, above quoted, if it did not affirmatively appear from the remainder of section 4838, which it is unnecessary to set out in full, that said section relates wholly to matters of statistical report required by the provisions of that section from certain school officials. The definition is limited and relates not at all to the conduct of schools, periods of teaching, nor funds to be raised and applied to the maintenance of schools, and is therefore without value in this connection. The rule that, where a word has acquired a certain legislative meaning through an earlier act, it must be held to be used in the same sense in a later act, has no application here, since the later act under discussion uses the words "school year" with relation to periods of teaching and powers of taxation.

The act of 1919 deals with levies and school terms and fixes a limitation on the amounts to be expended in ungraded rural schools. In such rural schools the term or "period" is fixed by the act at 7, 8, or 9 months "in accordance with the estimates as made," and the amount to be expended, for all purposes excepting construction, etc., "shall not during any school year exceed the sum of * * * one hundred ten dollars ($110.00) per month per school room in which a teacher holding a first grade * * * certificate is employed." To hold that the power to tax shall be based on a budget sum arrived at by multiplying by twelve the monthly budget allowance fixed by statute, while the school term during which the teacher is employed is defined to be 9 or less months, would be to nullify the express limiting terms of the act. It follows that in schools of the class under consideration the maximum budget allowance for maintenance other than construction, etc., cannot exceed

$990. The "school year" mentioned in the act thus becomes synonymous with the school term or "full period * * * in accordance with the estimates as made. * * *" The Legislature did not intend the sum of $1,320 should be expended where the school was taught 7, 8, or 9 months, nor that that sum should be made the basis of division over the school term. This is apparent from the context of the act and the State Tax Commission correctly interpreted the law. Chapter 88, Laws of 1921, does not apply to schools of the class under consideration. If the words "scholastic year," as used therein, have any argumentative weight in the consideration of this case, that weight should be in favor of the construction above given.

[2] Is the act of 1919 unconstitutional as a local and special law? We think not. The Legislature has seen fit for many years to differentiate between city and rural schools. We know of no reason why it cannot legally make a differentiation between classes of rural schools. The law defines a graded school as one of four or more rooms or teachers in a district wherein there are 200 or more children of school age. An ungraded rural school is one less than four or more teachers or rooms serving a district of less than 200 children of school age.

"Nearly every matter of public concern is divisible and division is necessary to methodical legislation." State v. A., T. & S. F. R. Co., 20 N. M. 562, 151 Pac. 305.

The Legislature is not entitled to exercise an arbitrary power of classification. The power must be exercised within the limits of reason and of a necessity more or less pronounced. No definite rule can be laid down as to when classification is or is not justified. The special circumstances of each case govern the decision. The classification "must be based upon substantial distinctions." State v. A., T. & S. F. R. Co., supra; Scarbough v. Wooten, 23 N. M. 616, 170 Pac. 743. We cannot say that the classification complained of is arbitrary. A graded school may reasonably be expected to give superior educational facilities over those found in an

ungraded school, and differences in the staff personnel and expense of maintenance are predicated. The classification in question does, in fact, permit these differences to be cared for in practice.

[3] The appellant contends that the budget laws violate the due process of law clause of the Constitution, in not providing for a notice, hearing, and right of appeal. The budget law deals solely with public finances, not private property or rights. The due process of law clause has an application to public rights. People v. Long Island R. R. C., 60 How. Prac. 395, 414.

[4] The constitutionality of chapter 83, Laws 1919, is attacked by the appellant on the ground that it denies to children of ungraded rural schools employing first grade certificate teachers the equal protection of the laws. The denial of equal rights or the imposition of unequal burdens can be pleaded only by those discriminated against. Pueblo of Isleta v. Tondre, 18 N. M. 388, 137 Pac. 86. If the law did so discriminate, the appellant is not in a position to raise the question.

Other questions raised by appellant need not be considered, because such questions are predicated upon the appellant's interpretation of the 1919 act, which we have held to be erroneous.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

PARKER, J., concurs.