150 P.2d 125

**BROCKMAN et al. v. CONTRACTORS LICENSING BOARD et al.**

No. 4837.

Supreme Court of New Mexico.

June 30, 1944.

Rehearing Denied Aug. 7, 1944.

G. T. Watts and O. O. Askren, both of Roswell, for appellants.

Edward P. Chase, Atty. Gen., and Harry L. Bigbee, Asst. Atty. Gen., for appellees.

MABRY, Justice.

Appellants, hereinafter to be referred to as plaintiffs, sought an injunction against the Contractors Licensing Board and the members thereof (hereinafter to be referred to as the board) solely upon the ground that the act under which such board was appointed and acted was unconstitutional. An injunction was denied and plaintiffs appeal.

The statute in question (1941 Comp. Laws, sec. 51-1901 to 51-1916) sets up a board to license those engaged in the business of "contractor" within the state, defines the character of contracting to which the act applies, provides for the revocation of licenses upon a proper showing to the board that there have been violations of the code of performance laid down for such contractors and prohibits, under penalty, any person undertaking to act in the capacity of a contractor without having first secured a license from

said board. In addition the act denies to such contractor operating without such license the right to file or claim any statutory mechanics lien.

In view of the disposition made of the case, it will be unnecessary to notice the constitutional objections urged to such legislation, except to say that it is claimed, generally, the act violates Sec. 18 of Art. 4 of our state constitution in that certain provisions of the act are extended to embrace other laws without such other laws being set out in full in the act here challenged; that it violates Sec. 1 of Art. 6 of the constitution because such legislation attempts to create a court not authorized by the constitution, with power to try and determine matters concerning contractors and their contracts; that the act is violative of Sec. 24 of Art. 4 of the New Mexico constitution because it would "impair liens" in violation of the constitution which prohibits such special or local laws.

Since a decision here must rest upon the determination of a more simple question, viz., that of plaintiffs being the proper parties to maintain the suit, it will be unnecessary to discuss any questions relating to the constitutionality of the act.

It appears that plaintiffs are doing business as contractors; that they have been licensed as such and are operating unmolested under the act which they now challenge as being unconstitutional. There is no showing that revocation of their licenses is imminent, threatened or even suggested. There is nothing in the record to disclose that plaintiffs have yet been in any way adversely affected by the law they challenge. Obviously, the purpose of this suit is to test the constitutionality of the act under circumstances which, it must be admitted, present a purely academic question; and such we are not called upon to decide.

Since plaintiffs do not claim or show that any proceeding is pending, threatened or contemplated by the defendants concerning the revocation of plaintiffs' licenses, or concerning any other act which would injuriously affect them, no such interest is shown as will permit them to question the act's constitutionality. No rule is better established. McKinley County Board of Ed. v. State Tax Comm. et al., 28 N.M. 221, 225, 210 P. 565; Asplund v. Alarid, Assessor, et al., 29 N.M. 129, 139, 219 P. 786; State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 590, 249 P. 242; State v. Culdice, 33 N.M. 641, 275 P. 371; In re Gibson, 35 N.M. 550, 573, 4 P.2d 643; Hutcheson v. Gonzales, 41 N.M. 474, 71 P.2d 140; State v. Tittmann, 42 N.M. 76, 75 P.2d 701; In re Santillanes, 47 N.M. 140, 138 P.2d 503.

We said in Asplund v. Alarid, supra [29 N.M. 129, 219 P. 790]:

"It is not the duty of this or any other court to sit in judgment upon the action of the legislative branch of the government, except when the question is presented by a litigant claiming to be adversely affected

by the legislative act on the particular ground complained of."

"One whose rights are not directly affected by the operation of a licensing statute or ordinance may not question its constitutionality; nor may such a question be raised by one who is not injuriously affected by the particular feature of the statute complained of. * * * On the other hand, one who has obtained a license under a statute requiring the issuance of such license as a condition precedent to the practice of his profession, may challenge the validity of the statute when an attempt is made under it to revoke his license, although there is also authority to the contrary. On the other hand, where a statute or ordinance unconstitutional on its face requires such a license or certificate, one who is within the terms thereof but who has not made the required application may raise the question of its constitutionality." 16 C.J.S., Constitutional Law, § 76, page 165.

See also Grosso v. Commonwealth, 177 Va. 830, 13 S.E.2d 285; State Board of Medical Examiners v. Friedman, 150 Tenn. 152, 263 S.W. 75; Highland Farms Dairy v. Agnew, 300 U.S. 608, 57 S.Ct. 549, 81 L.Ed. 835; Stein v. Kentucky State Tax Comm., 266 Ky. 469, 99 S.W.2d 443; Smith v. Cahoon, 283 U.S. 553, 51 S.Ct. 582, 75 L.Ed. 1264, 1265; State v. Eubank, 56 Ohio App. 1, 9 N.E.2d 1007; Shinn v. Oklahoma City, 184 Okl. 236, 87 P.2d 136.

"One of the elementary doctrines of constitutional law, firmly established by the authorities, is that the constitutionality of a legislative act is open to attack only by a person whose rights are affected thereby. * * *" 11 Am.Jur., Const. Law, page 748, Sec. 111.

It is not enough for plaintiffs to conjecture that an injury or injustice might result from some action which the board or its officers might, in the future, take against them.

Finding no error, judgment is affirmed, and it is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and THREET, JJ., concur.