150 P.2d 119

**STATE v. LUCERO.**

No. 4811.

Supreme Court of New Mexico.

June 30, 1944.

Thomas V. Truder, of Las Vegas, for appellant.

Edward P. Chase, Atty. Gen., and Clyde C. McCulloh, First Asst. Atty. Gen., for appellee.

BICKLEY, Justice.

Appellant (defendant) was tried and convicted on an information containing

three counts; the first and third thereof charging the making of false entries in the poll books used in the primary election held in San Miguel County in 1942. The penalty for this offense as defined in 1941 Comp.Sec. 56-508 is imprisonment in the state penitentiary for not less than one year nor more than five years. The second count charged that the defendant being an election official permitted fraudulent voting. This offense is described in 1941 Comp. Sec. 56-519, and the penalty therefor is a fine of not less than one hundred dollars nor more than five hundred dollars or imprisonment for not less than sixty days nor more than six months, or by both such fine and imprisonment. This offense is a misdemeanor, whereas the others charged were felonies. 1941 Comp.Secs. 41-103, 41-104.

The verdict of the jury stated that the defendant was guilty on each of the three counts.

The sentence of the court was that the defendant be imprisoned for a period of time not less than eighteen months nor more than twenty-four months on each of the three counts in the information, the sentences to run concurrently.

Appellant challenges the judgment on jurisdictional grounds only. This is so apparently because it does not appear from the record that the defendant in the lower court took any exceptions to the form of the charges in the information or to the instructions of the court or otherwise to the proceedings at the trial.

Appellant's first point is that the defendant was prosecuted under the general election laws, Ch. 41, Laws 1927, which have been incorporated in 1941 Comp.Ch. 56, whereas the primary election law was enacted in 1938 (Sp.Sess. Ch. 2) and which may also be found in 1941 Comp.Ch. 56-801–56-827, and which itself provided in general terms what constitutes a violation of the primary law and the penalty therefor. His argument is that since the primary law is an act complete in itself and describes offenses and penalties for the violation thereof, "the District Court was without jurisdiction to try a violation of the primary law under a penal provision of the 1927 statute (Ch. 41)."

By provisions of Sec. 13 of the primary election law, 1941 Comp. 56-813, it is provided that primary elections shall be held in the same manner as by law provided for general elections except as therein otherwise provided, or inconsistent with the provisions of the primary election act, and that such primary elections shall in all respect conform to the laws governing general elections except as otherwise therein provided. It is enacted that:

"All provisions of law governing general elections in this state not in conflict herewith, are hereby made applicable to and shall govern primary elections. The powers and duties conferred or imposed by law upon boards and judges and clerks of elections, canvassing boards and other public officials in connection with general elections, are conferred and imposed upon

all such officers of primary elections and shall be exercised by them in connection with primary elections, except as otherwise herein provided or in conflict herewith."

The primary election law was approved September 1, 1938.

At the same 1938 special session of the legislature there was enacted Ch. 4 of the Laws of that session, 1941 Comp.Sec. 56-524, providing that Ch. 41, Art. 5 of the New Mexico Statutes Annotated, 1929 Comp., and being Ch. 41, Art. 5 of the 1927 Session Acts, be amended by adding thereto a new section to be known and designated as Sec. 56-524, to read as follows:

. . ."The provisions of this article 5 shall apply to all general elections, all special elections, and all primary elections held under the laws of this state, except as amended, changed or modified by the primary Election Code of this state, or except as in conflict therewith."

This act was approved September 3, 1938.

The Attorney General calls attention to the provisions of 1941 Comp. Sec. 56-827 which provides the penalties for violations of the primary election law and which states that if any judge or clerk of a direct primary election shall be guilty of any willful neglect of duty or of any corrupt conduct in the discharge of the same, such judge or clerk shall be deemed guilty of a felony and upon conviction thereof shall be punished by fine of five hundred dollars or by confinement in the penitentiary for not less than one year nor more than two years or by both such fine and imprisonment. The Attorney General then proceeds to argue that corrupt conduct is a broad term which would include the offenses charged in the information which are in the language describing offenses originally applicable to the conduct of general elections and subsequently by the 1938 amendment cited, supra, made applicable to offenses committed in the conduct of primary elections. The Attorney General pursues the argument as follows:

"It is submitted that even if the Information is considered as charging offenses under the general election laws that this amendment would make the same acts offenses under the primary law and in so far as the penalty under the primary law is repugnant to the penalty under the general election laws, the primary law was followed in imposing the sentence.

"In the alternative the Information may be considered as being brought entirely under the primary law and merely following the language of the general election law in charging corrupt conduct prohibited by the primary law.

"Under either view the trial court had jurisdiction to try the case and impose the Judgment and Sentence given."

The matter is rather confusing. If the 1938 special session of the legislature intended to make the provisions of the 1941 Comp. Sec. 56-508, relative to making false entries or statements in certificates, regis-

tration books, poll books, etc., which offense carried a penalty of imprisonment in the penitentiary for not less than one year nor more than five years applicable to primary elections, then it might be argued that it was also the intention of the legislature to modify the operation of that section so far as the penalties were concerned, because the general penalties provision contained in the primary election law, 1941 Comp. Sec. 56-827, provides a specific penalty for corrupt conduct of election officials of a fine of five hundred dollars or imprisonment in the penitentiary for not less than one year nor more than two years, or both such fine and imprisonment, all of which would be less than the maximum provided for in the 1941 Comp. Sec. 56-508.

As the Attorney General appeared in the trial of the case in the court below, it seems probable that the argument he makes here was made there also and that the trial judge in pronouncing sentence took the view that the effect of 1941 Comp. Sec. 56-827, being the penalty provision in the primary election law, was to scale downward the penalty for making false entries in poll books, talley sheets, etc., 1941 Comp. § 56-508, when done in a primary election, and to revise upward the penalty mentioned in Sec. 56-519 for permitting fraudulent voting when done in a primary election. It may be that the trial court took the view that the offenses of making false entries in poll books, etc., and permitting fraudulent voting were each "corrupt conduct" within the meaning of Sec. 56-827, being

the penalty clause of the primary election law. At least such a view is consistent with what the court did, because, as heretofore seen, the same sentence was pronounced following the conviction on each of the three counts.

While such a construction is arguable, we think it is not the proper one. It is our opinion that the legislature in its special session of 1938, after having enacted Ch. 2, being the primary law which contained the penalty clause appearing in Sec. 29, 1941 Comp. 56-827, discovered that it might be open to criticism as being indefinite and therefore enacted Ch. 4 which amended the 1927 Election Code so as to make the provisions of that Code applicable to primary elections. It is our opinion that this being the later enactment, it had the effect to modify the provisions of Sec. 29 of Ch. 2, 56-827, so that this omnibus penalty section would be applicable only to any willful neglect of duty or any corrupt conduct in the discharge of duty by a judge, clerk or other officer or person on whom any duty is enjoined by the primary election law and not specifically or expressly made a felony or misdemeanor by some other statutes. It is to be noted that this omnibus penalty provision in the primary election law prescribes that violations thereof shall be deemed to be felonies. We would hesitate by construction to ascribe to the legislature the intention to create a felony out of what had theretofore, and at the same special session, been declared to be and recognized as a misdemeanor.

Appellant urges as a second point that the primary law is unconstitutional and that therefore the court was without jurisdiction to try the case. He cites the necessity of obtaining signatures of qualified electors on nominating petitions and the payment of filing fees in order that one may become a candidate. He contends that the law favors some persons over others who might desire to be candidates and for that reason is discriminatory. Appellant's principal contention is that the sections of the primary law requiring the payment of a filing fee to be ascertained on the percentage basis is burdensome and discriminatory and puts an undue restraint upon those who might desire to become candidates for public office and also that it tends to limit the opportunity of the electors in making their selections of the public officials who shall serve the electors.

Some interesting questions as to the propriety of the requirement for filing fees are presented but we find it unnecessary to discuss this question or express an opinion. It is conceivable that the provisions of the primary law with respect to the requirement for filing fees might seem objectionable to some, but even if they were unconstitutional that would not necessarily mean that the entire primary law is unconstitutional. Perhaps some other means of financing the primary election expenses could be found.

It is a general principle that in criminal prosecutions the accused, to question the constitutionality of a statute, must show that his rights are adversely affected by the particular feature of the statute alleged to be unconstitutional. 16 C.J.S., Constitutional Law, § 84. See also McKinley County Board of Education v. Tax Commission, 28 N.M. 221, 210 P. 565; Asplund v. Alarid, 29 N.M. 129, 219 P. 786; State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 249 P. 242; State v. Culdice, 33 N.M. 641, 275 P. 371; State ex rel. Davidson v. Sedillo, 34 N.M. 1, 275 P. 765; State v. Lujan, State Comptroller, et al., 35 N.M. 672, 673, 6 P.2d 205.

We hold that appellant's contentions that the court was without jurisdiction to try the case are without merit. Defendant was not a candidate, or an elector claiming to be prejudiced by the alleged restraints heretofore mentioned. The penal provisions cited are in aid of the constitutional mandate that there shall be enacted laws to assure the purity of elections. Constitution Art. 7, Sec. 1. The argument is that even unauthorized elections ought to be free from corruption, and we are unable to discover any detriment to an election officer in being required to honestly discharge a duty even in a procedure that might be challenged by a candidate or an elector as being unauthorized. However, we conclude that the sentence on the second count was in excess of punishment warranted by law for the violation of the provisions of 1941 Comp. Sec. 56-519 and is therefore void.

In disposing of the case we are confronted with the proposition that to

constitute a legal sentence there must be both statutory authority and the act of the judge. Jordan v. Swope, 36 N.M. 84, 8 P.2d 788.

If our conjecture that the court in pronouncing sentence was influenced by the provisions of 1941 Comp. Sec. 56-827 is correct, it may not be the sentence the court would have pronounced if it had been guided solely by the provisions of Secs. 56-508 and 56-519.

Since the conviction was legal and the matter involved goes solely to the question of the proper sentence to be imposed, we conclude that it will be in the interest of justice to reverse the judgment and remand the prisoner to the custody of the sheriff of San Miguel County to be by him held to await the further action of the district court.

It is so ordered.

SADLER, C. J., and MABRY, BRICE, and THREET, JJ., concur.