357 P.2d 1090

James R. PATTON, Jr., Jesse U. Richardson, Claud Tharp, Clyde H. Simpson, Grady Mayfield, Rev. Nelson Wurgler, Roger Corbett, Orville E. Priestley and A. D. Maddox, Plaintiffs-Appellants,

v.

FORTUNA CORPORATION, Defendant-Appellee.

No. 6664.

Supreme Court of New Mexico.

Dec. 29, 1960.

Garland & Martin, Las Cruces, for appellants.

Iden & Johnson, Albuquerque, W. C. Whatley, Las Cruces, for appellee.

CARMODY, Justice.

Plaintiffs appeal from the dismissal of their complaint, which sought to declare the state racing statutes unconstitutional, and to enjoin the defendant from using certain premises for pari-mutuel betting on horse racing.

Although plaintiffs vigorously attack the constitutionality of the statute, the question first to be determined is whether plaintiffs have any standing in court to question the act.

We have many times held that the constitutionality of a legislative act is open to attack only by a person whose rights are affected thereby. Asplund v. Alarid, As-

sessor of Santa Fe Co., 1923, 29 N.M. 129, 219 P. 786; Asplund v. Hannett, 1926, 31 N.M. 641, 249 P. 1074, 58 A.L.R. 573; Tomlin v. Town of Las Cruces, 1934, 38 N.M. 247, 31 P.2d 258, 97 A.L.R. 185; Brockman v. Contractors Licensing Board, 1944, 48 N.M. 304, 150 P.2d 125; In re Hickok's Will, 1956, 61 N.M. 204, 297 P.2d 866; and Kuhn v. Burroughs, 1959, 66 N.M. 61, 342 P.2d 1086.

Plaintiffs seek to circumvent this rule by alleging in their complaint that they are citizens of Dona Ana County, that the defendant is about to use its premises for pari-mutuel betting, but that because §§ 60-6-1 to 60-6-13, N.M.S.A., 1953 Comp., are unconstitutional, that therefore the general gambling statute (§ 40-22-6, N.M.S.A., 1953 Comp.), which provides for injunctive proceedings by a citizen, applies.

Such an approach is analogous to "putting the cart before the horse." Section 60-6-6, N.M.S.A., 1953 Comp., legalizes pari-mutuel betting under fixed conditions, and declares that it shall not be construed as gambling. Therefore, although the plaintiffs might have a claim to the benefit of injunctive relief absent this section, they are not entitled to the same unless they first show that the racing or pari-mutuel statute is unconstitutional. The very foundation of the plaintiffs' case is based upon the claimed unconstitutionality of the statute, and their complaint does not allege in what manner, if any, plaintiffs are adversely affected.

The following quotation from In re Hickok's Will, supra, is sufficient to conclusively show that the trial court correctly dismissed the complaint, and that the other questions raised by plaintiffs need not be determined:

"* * * It is certain that this Court does not sit to decide abstract questions * * *. Further, we have held time and again we would not 'sit in judgment upon the action of the legislative branch of the government, except when the question is presented by a litigant claiming to be adversely affected by the legislative act on the particular ground complained of.' * * *" [61 N.M. 204, 297 P.2d 868.]

The action of the lower court in determining that the plaintiffs are without standing to question the constitutionality of the statute is affirmed. It is so ordered.

COMPTON, C. J., and MOISE and CHAVEZ, JJ., concur.

NOBLE, J., not participating.