397 P.2d 300

Ray EDINGTON, Petitioner-Appellant,

v.

The NEW MEXICO PUBLIC SERVICE COMMISSION, L. J. Chambard, Chairman, R. R. Spurrier, Commissioner, and A. M. Ulibarri, Commissioner, Columbus Electric Cooperative, Inc., and Mr. and Mrs. Bill Miller, Mr. and Mrs. Don Robison, Mr. and Mrs. Jim Strickland, Mr. and Mrs. Bill Kambitch, Mrs. I. B. Richards, Mrs. Jack Hoggett, Mr. and Mrs. Bill Miller, Jr., Mr. and Mrs. Clarence Russell, Respondents-Appellees.

No. 7483.

Supreme Court of New Mexico.

Dec. 7, 1964.

**648**

Woodbury, Schaber & Nunn, Lordsburg, for appellant.

Earl E. Hartley, Atty. Gen., Frederick G. Von Huben, Sp. Asst. Atty. Gen., Santa Fe, for appellee New Mexico Public Service Commission.

Ray Hughes, Deming, for appellee Columbus Electric Cooperative, Inc.

CARMODY, Justice.

The district court affirmed an order of the New Mexico Public Service Commission, which concerned the supplying of electrical service in the area of Rodeo, New Mexico. This appeal challenges the authority of the Commission to declare Columbus Electric Cooperative, Inc. a public utility and grant it a certificate of public convenience and necessity.

For simplicity, appellant will be referred to as "Edington," The New Mexico Public Service Commission as "the Commission," and Columbus Electric Cooperative, Inc. as "Columbus," both of the latter being appellees.

Edington owns and operates a small public utility in the Rodeo area under authority of a certificate of public convenience and necessity. Certain residents of the community filed a complaint against him with the Commission, alleging, among other things, that the service was inadequate. Following a hearing, the Commission entered an order determining that it lacked authority to revoke Edington's certificate but finding that the service was inadequate

and releasing the complainants from any obligation to use Edington's electrical service. A short time later, Columbus filed an application with the Commission for a certificate of public convenience and necessity for the Rodeo area. After a hearing, the certificate was granted, the Commission determining that it had jurisdiction over Columbus even though it was a cooperative.

Edington sought review in the district court of both of the orders of the Commission, and the district court affirmed the orders. Edington appealed the judgment of the district court, but before us attacks only the jurisdiction of the Commission and no issue is made as to the reasonableness of the Commission's orders.

Edington's approach to the problem is dual-pronged—he first urges that the Commission had no jurisdiction over Columbus because Columbus is not a public utility; alternatively, he claims that the statutes authorizing the Commission to exercise jurisdiction over Columbus are invalid and violative of both the New Mexico and the United States Constitutions. Both of the issues require a consideration of certain sections of the Public Utility Act.

The Public Utility Act was initially enacted by the legislature in 1941 and now appears, with certain amendments, as § 68–3–1 through § 68–11–8, N.M.S.A.1953. Prior to 1961, the Act specifically excluded rural electric cooperatives from the jurisdiction of the Commission by the provisions of § 68–3–3, N.M.S.A.1953. In Socorro Electric Co-op., Inc. v. Public Service Co., 1959, 66 N.M. 343, 348 P.2d 88, we sustained the Commission in its determination that it lacked jurisdiction over the Socorro Electric Cooperative because it "fails to meet the test of a public utility." Thereafter, by ch. 89 of the laws of 1961, the legislature amended the Public Utility Act, and, in this connection, § 68–3–3, supra, was amended by deleting the exclusion of rural electric cooperatives. In addition, § 68–3–2(F) (1), N.M.S.A.1953, was amended to specifically include rural electric cooperatives within the definition of "public utility" or "utility." The 1961 act also contained other provisions relating to cooperatives, in that § 68–6–8, N.M.S.A.1953, provided for payment of inspection and supervision fees by utilities "including corporations organized under sections 45–4–1 through 45–4–32 New Mexico Statutes Annotated, 1953 Compilation" (Rural Electric Cooperative Act); § 68–7–1.1(A), N.M.S.A.1953, required cooperatives to apply to the Commission for certificates of convenience and necessity for existing plants, lines and systems; § 68–7–1.1 (B), N.M.S.A.1953, recognized that if overlaps or conflicts with another certificate occurred, both utilities could continue service; § 68–6–3.1, N.M.S.A.1953, authorized the Commission to adopt regulations relating to cooperatives' filing rate schedules and other necessary information; and, finally, the act

included an entirely new section, which is as follows (§ 68–5–4.1, N.M.S.A.1953) :

"The public service commission shall have no jurisdiction over rates charged by utilities organized under sections 45–4–1 through 45–4–32 New Mexico Statutes Annotated, 1953 Compilation, known as the Rural Electric Co-operative Act, except in any territory in which an overlapping or conflicting certificate of convenience and necessity has been issued to and exercised by any other public utility for the same class of service; Provided that, except as provided in section 8A of this 1961 act [68–7–1.1], nothing in this section shall be construed to prohibit the public service commission from inquiring into the reasonableness of the rates of any public utility in connection with any application for the granting or extension of any certificate of convenience and necessity or in connection with any complaint of a public utility of present or threatened unreasonable interference with its service or system."

The claim by Edington that the Commission had no jurisdiction because Columbus is not a public utility has no merit. Edington is hardly in a position to complain, nor, even if he were correct, would a reversal aid him in any way. Prior to amendment, Columbus was entirely free to compete with Edington, without any restraint or control over it by the Commission. See Socorro Electric Co-op., Inc. v. Public Service Co., supra. Following the amendment (assuming for this purpose its validity), Columbus lost its independent status and, particularly having applied for a certificate of public convenience and necessity, placed itself under the jurisdiction of the Commission. If anyone has a right to complain of the Commission's taking jurisdiction because Columbus is now termed a "public utility," it certainly is not Edington. He has no standing to question the Commission's determination as to this matter. Additionally, even if correct, he could be given no relief that would benefit him and the question really becomes an abstract one. Edington has not been injuriously affected by the statute and he cannot question its constitutionality. See Brockman v. Contractors Licensing Board, 1944, 48 N.M. 304, 150 P.2d 125; Patton v. Fortuna Corporation, 1960, 68 N.M. 40, 357 P.2d 1090; Grosso v. Commonwealth, 1941, 177 Va. 830, 13 S.E.2d 285; and Tooz v. State, 1949, 76 N.D. 599, 38 N.W.2d 285. In Patton v. Fortuna Corporation, supra, we quoted from In re Hickok's Will, 1956, 61 N.M. 204, 297 P.2d 866, the language hereinafter set out, which is dispositive of the claim here:

"* * * It is certain that this Court does not sit to decide abstract questions * * *. Further, we have

held time and again we would not 'sit in judgment upon the action of the legislative branch of the government, except when the question is presented by a litigant claiming to be adversely affected by the legislative act on the particular ground complained of.'

\* \* \*"

It should therefore be apparent that there is no necessity for this court to give an opinion on the purely abstract proposition of the constitutionality of the Public Utility Act or the 1961 amendment thereto. Compare State ex rel. Town of Portales v. Board of County Com'rs., 1917, 22 N.M. 413, 163 P. 1082.

■ Although in some ways the right of Edington to raise the constitutional questions is also doubtful (see Asplund v. Hannett, 1926, 31 N.M. 641, 249 P. 1074, 58 A.L. R. 573), nevertheless Edington's claim that he is denied equal protection of the law because of the 1961 amendments requires our disposition. The foundation of the argument is that there is an unreasonable classification under the statute, principally because of the exemption of cooperatives from state regulation. Under the particular facts of this case and the statutes applicable thereto, it is not necessary to determine whether there has been an unreasonable classification. Columbus having applied for a certificate of convenience and necessity and having been granted a certificate

in the territory (i. e., Rodeo, where Edington also has a certificate), has, to this extent, taken itself out of the category of a rural electric cooperative over which the Public Service Commission has no jurisdiction as to rates. Section 68–5–4.1, supra, gives to the Commission jurisdiction over rates in a territory which is overlapping or where a conflicting certificate of convenience and necessity has been issued. Thus, rather than Columbus' activities at Rodeo being excepted from the jurisdiction of the Commission, it is now placed under its supervision and control. Therefore, the claim of unreasonable classification falls, and Edington's claim is without merit. Edington's argument seems to assume either that the Commission had no power in connection with rates in the territory where Edington's certificate and Columbus' certificate overlap, or that if the Commission did not have complete jurisdiction over Columbus' rates an unreasonable classification and denial of equal protection of the laws would result. The Commission, in its brief, does not discuss its jurisdiction over rates provided in § 68–5–4.1, supra, but appears to tacitly agree that jurisdiction is absent as claimed. As we view that section, it clearly states that the Commission has the power to fix rates, both of Columbus and Edington, in the area where they have overlapping authority. Under the circumstances, Edington could not be adversely affected by the 1961 amendments and, under the author-

ity heretofore cited, his constitutional objection is found to be without merit.

.The judgment of the district court will be affirmed, and each party shall bear his own costs as provided by § 68–11–3, N.M. S.A.1953. It. is so ordered.

COMPTON, C. J., and CHAVEZ, NOBLE and MOISE, JJ., concur.