432 P.2d 827

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Floyd Woodrow HINES, Defendant-Appellant.**
No. 8286.

Supreme Court of New Mexico.
Oct. 23, 1967.

Robert S. Skinner, Raton, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Defendant's motion for post-conviction relief was denied without a hearing. His appeal raises three issues: (1) absence of hearing on his motion, (2) inadequate representation and (3) constitutionality of the felony-murder law.

Defendant contends that he was not advised of his right to a preliminary hearing, had none, and did not waive the same. The record shows that he had a preliminary hearing. In his brief, defendant asserts that he intended to claim that he was not arraigned before trial. This claim was not presented to the trial court; further, the record shows that defendant was arraigned.

Defendant claims that since he was not learned in the law, he should have been granted a hearing "to show what he was talking about." The records and files conclusively show that defendant was not entitled to relief either on a claim of lack of a preliminary hearing or lack of arraignment. Under § 21–1–1(93), N.M.S.A.1953, no hearing was required on these contentions.

Defendant asserts that he had inadequate representation. He bases this claim on the following allegations: (1) no "plea of abatement" was filed during or prior to his arraignment, (2) jurors were released

during their deliberations and (3) counsel "permitted" the testimony of an accomplice.

■■ These allegations pertain to trial tactics and strategy. They are matters over which the attorney has control. State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967). Bad tactics and improvident strategy do not necessarily amount to ineffective assistance of counsel. Defendant is denied effective assistance of counsel only where the trial, considered as a whole, was a mockery of justice, a sham or a farce. State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967). Assuming the allegations are true, they do not raise such an issue. Accordingly, the allegations set forth no basis for relief.

Defendant attacks the constitutionality of the felony-murder law. The statute, § 40–24–4, N.M.S.A.1953, has been repealed; our present statute appears at § 40A–2–1, N.M.S.A.1953. Section 40–24–4, N.M.S.A. 1953, the statute under which the prisoner was charged, classifies murder as first and second degree. The applicable portion reads:

"All murder * * * which is committed in the perpetration of or attempt to perpetrate any felony * * * shall be deemed murder in the first degree * * *."

Defendant makes three attacks on the constitutionality of the statute. He claims that the statute violates (1) the equal protection clauses of the Fourteenth Amendment to the United States Constitution and Article II, § 18 of the New Mexico Constitution, (2) the due process clauses of the Fourteenth Amendment to the United States Constitution and Article II, § 18 of the New Mexico Constitution and (3) Article IV, § 18 of the New Mexico Constitution.

State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953), states that if legislation:

"* * * [M]akes no arbitrary or unreasonable distinction within the sphere of its operation and accords substantially equal and uniform treatment to all persons similarly situated, the law complies with the equality provision."

The felony-murder provisions of § 40–24–4, N.M.S.A.1953, apply to any felony.

At the time defendant was charged in 1958, our felonies ranged from fraud in the sale of jewelry, § 40–21–32, N.M.S.A.1953, to murder. The range of felonies covered acts *malum prohibitum* as well as acts *malum in se*. Defendant contends that inclusion of all felonies within the felony-murder rule is an unreasonable classification. He asserts that an unreasonable classification results from the failure to distinguish between the various acts declared to be felonies.

How does this claimed unreasonable classification apply to defendant? He does not attempt to show how the felony-murder statute, as applied to him, deprived him of equal protection of the law.

State v. Prince, 52 N.M. 15, 189 P.2d 993 (1948), states:

"A penal statute should define the act necessary to constitute an offense with such certainty that a person who violates it must know that his act is criminal when he does it. * * *"

Defendant asserts that § 40–24–4, N.M. S.A.1953, is unconstitutionally vague and thus deprives him of due process of law.

How does this claimed unconstitutional vagueness apply to defendant? Defendant does not attempt to apply the claim of vagueness to the facts of his case.

■ The denial of equal rights can be urged only by those who can show they belong to the class discriminated against. Wiggs v. City of Albuquerque, 56 N.M. 214, 242 P.2d 865 (1952); McKinley County Board of Education v. State Tax Commission, 28 N.M. 221, 210 P. 565 (1922).

■ A violation of due process can be urged only by those who can show an impairment of their rights in the application of the statute to them. Straus v. Foxworth, 231 U.S. 162, 34 S.Ct. 42, 58 L.Ed. 168 (1913), affirming 16 N.M. 442, 117 P. 831 (1911).

**474**

The complainant must allege in what manner his constitutional rights are adversely affected. Patton v. Fortuna Corp., 68 N.M. 40, 357 P.2d 1090 (1960); Hutcheson v. Gonzales, 41 N.M. 474, 71 P.2d 140 (1937); In re Gibson, 35 N.M. 550, 4 P.2d 643 (1931). This court does not sit to decide abstract constitutional questions. In re Hickok's Will, 61 N.M. 204, 297 P.2d 866 (1956). The constitutionality of a legislative act is open to attack only by a person whose rights are affected thereby. Patton v. Fortuna Corp., supra; State v. Klantchnek, 59 N.M. 284, 283 P.2d 619 (1955); State v. Tinsley, 34 N.M. 458, 283 P. 907 (1929).

Defendant's claims are presented as abstract propositions: he does not allege how these propositions apply to him. Neither the claimed denial of equal protection nor the claimed violation of due process presents an issue for decision.

In 1958, when defendant was convicted, Article IV, § 18 of the New Mexico Constitution read:

"No law shall be revised or amended, or the provisions thereof extended by reference to its title only; but each section thereof as revised, amended or extended shall be set out in full."

Defendant contends that § 40–24–4, N.M. S.A.1953, violates this constitutional provision because the statute "extends the felony laws into the murder definition by reference only."

The constitutional provision is not applicable. Section 40–24–4, N.M.S.A. was enacted in 1907 and was never amended. The statute was enacted prior to the adoption of the constitutional provision. The prohibition of Article IV, § 18 of the New Mexico Constitution does not apply to legislation in existence at the time the constitution was adopted. State v. Elder, 19 N.M. 393, 143 P. 482 (1914).

The order denying relief is affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.