This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 33,430**

**KELLAM H. NICHOLS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Steven J. Forsberg, Assistant Public Defender

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}      Defendant appeals from his conviction at a jury trial for breaking and entering, contending that there was insufficient evidence to support his conviction. This Court issued a calendar notice proposing summary affirmance. Defendant has filed a

memorandum in opposition to this Court's notice of proposed disposition and a motion to amend the docketing statement, both of which we have duly considered. Unpersuaded, we affirm.

{2} In our calendar notice, we proposed to hold that Defendant's conviction for breaking and entering was supported by sufficient evidence. [CN 5] In particular, we proposed to determine that although Defendant and Ms. Dutton were living together in the apartment, it appeared that the evidence supported the conclusion that Defendant did not have blanket authority to enter the apartment, or that whatever authority he may have had was freely revocable by Ms. Dutton. [CN 4-5] This was based on Defendant's apparent acknowledgment that Ms. Dutton had the authority to "revoke his right to come and go []as he pleased." [DS 2; CN 4] Furthermore, our calendar notice proposed to conclude "that a rational trier of fact could have found that Ms. Dutton's actions in locking the door following a fight withdrew Defendant's authority and permission to enter the apartment." [CN 5] Defendant has not challenged either of these determinations in his memorandum in opposition. Instead, Defendant simply continues to argue that there was insufficient evidence to support his conviction, "[s]pecifically, evidence of the requisite mental state." [MIO 4] "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy*

*v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. We hold that Defendant's simple reiteration of his argument does not convince us that our proposed disposition was incorrect.

{3}    The bulk of Defendant's memorandum in opposition is made up of a motion to amend the docketing statement to add the issue of ineffective assistance of counsel. [DS 1-4] *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon good cause shown); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. Because we determine that the issue of ineffective assistance of counsel is not viable, we hold that Defendant has failed to demonstrate that he meets the requirements for granting a motion to amend.

{4}    Specifically, Defendant argues that his trial counsel was ineffective because he failed to request a mistake of fact instruction. [MIO 2] *See* UJI 14-5120 NMRA.

According to Defendant, he "had a right" to have this instruction given to the jury. [MIO 2] To entitle himself to an instruction on mistake of fact, there must be some evidence that at the time in question, Defendant entertained a belief that, if true, would make his conduct lawful. *State v. Gonzales*, 1983-NMCA-041, ¶ 14, 99 N.M. 734, 663 P.2d 710. In this case, the facts presented by Defendant as supporting a mistake of fact instruction are that he and Ms. Dutton were living together in the apartment and that "prior to the fight[,]" he had been "free to come and go into the residence at his will." [MIO 1]

{5}     Even assuming that Defendant is correct in asserting that he was entitled to such an instruction, Defendant acknowledges that failure to request an instruction does not necessarily amount to ineffective assistance of counsel [MIO 2]. "To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it 'fell below an objective standard of reasonableness;' and (2) that Defendant suffered prejudice in that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (quoting *Lytle v. Jordan*, 2001-NMSC-016, ¶¶ 26-27, 130 N.M. 198, 22 P.3d 666) (further internal quotation marks and citation omitted). In *State v. Barber*, 2003-NMCA-053, ¶ 12, 133 N.M. 540, 65 P.3d 1095, we held that

4

the defendant was not prejudiced, even though his counsel did not request an instruction, when the theory of his defense was sufficiently placed before the jury, giving the jury an understanding of his defense. We note that in the present case, Defendant has not provided this Court, either in his docketing statement or in his motion to amend the docketing statement, with enough information to evaluate whether or not the theory of his defense was put before the jury. Thus, we have insufficient information to determine whether Defendant was prejudiced by his trial counsel's failure to request the instruction. *See Duncan v. Kerby*, 1993-NMSC-011, ¶¶ 10, 12, 115 N.M. 344, 851 P.2d 466 (stating that prejudice must be shown before a defendant is entitled to relief based on ineffective assistance of counsel); *see also Rael*, 1983-NMCA-081, ¶ 15 (holding that an motion to amend the docketing statement will only be granted if "[i]t states all facts material to a consideration of the new issues attempted to be raised").

{6}    Additionally, Defendant urges us to revisit our holding in *Barber*, contending that a "lawyer's argumentation is not a sufficient substitute for an authoritative instruction from the judge." [MIO 3] After consideration of the cases cited by Defendant, we are not convinced that the holding in *Barber* regarding a lack of prejudice is incorrect. *Cf. State v. Plouse*, 2003-NMCA-048, ¶ 13, 133 N.M. 495, 64 P.3d 522 (recognizing that "[i]f it is easier to dispose of an ineffectiveness claim on

the ground of lack of sufficient prejudice, . . . that course should be followed") (internal quotation marks and citation omitted).

**{7}** Furthermore, without more information, we are unable to determine whether trial counsel's decision not to request the instruction was a tactical or strategic decision. *See State v. Talley*, 1985-NMCA-058, ¶ 15, 103 N.M. 33, 702 P.2d 353 (concluding that failure to request an instruction "may have been no more than bad strategy on the part of counsel") (internal quotation marks and citation omitted). "Bad tactics and improvident strategy do not necessarily amount to ineffective assistance of counsel." *State v. Hines*, 1967-NMSC-237, ¶ 5, 78 N.M. 471, 432 P.2d 827.

**{8}** Because Defendant has not made a prima facie case for ineffective assistance of counsel based on his trial counsel's failure to request an instruction on mistake of fact, we conclude that this issue is not viable. Therefore, we deny Defendant's motion to amend the docketing statement to add the issue of ineffective assistance of counsel.

**{9}** Accordingly, for the reasons stated above, as well as those provided in our calendar notice, we affirm.

**{10}** **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

6

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**LINDA M. VANZI, Judge**