This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38595

**KATHY MILLER,**

Plaintiff-Appellee,

v.

**KIMBERLY S. ELKINS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Kathy Miller
Mayhill, NM

Pro Se Appellee

Kimberly S. Elkins
El Paso, TX

Pro Se Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Kimberly S. Elkins (Elkins) appeals the dismissal as untimely, of an appeal de novo to the district court. [DS 3-4; RP 112] In her docketing statement, Elkins asserted that her late notice of appeal should be excused, as it resulted from excusable neglect. [DS 2] This Court issued a notice of proposed summary disposition proposing to affirm based upon the well-established principle that excusable neglect provides no basis to overlook the jurisdictional problem created by an untimely notice of appeal. [CN 4] *See Trujillo v. Serrano*, 1994-NMSC-024, ¶ 19, 117 N.M. 273, 871 P.2d 369 (requiring "the most unusual circumstances beyond the control of the parties—such as error on the part of the court" to overlook a late-filed notice of appeal). Elkins' memorandum in opposition to that proposed disposition suggested that her untimely notice of appeal

may have been the result of court error involving the clerk of the magistrate court. [MIO 11-12] In order to fully review the jurisdictional question raised by this appeal, this Court issued a limited remand to allow the district court to address the sole question of whether Elkins' untimely notice resulted from court error. *See Scott v. Jordan*, 1983-NMCA-022, ¶ 22, 99 N.M. 567, 661 P.2d 59 (noting that "an appellate court cannot make [factual] findings of its own"); *Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (explaining that appellate courts cannot review factual allegations not raised before the district court). The district court then conducted an evidentiary hearing that resulted in findings that Elkins' untimely appeal did not result from court error. [ORD 6] Elkins has now filed a request to submit evidence directly to this Court. Having duly considered the district court's findings, along with Elkins' request, we remain unpersuaded and affirm.

{2}    In reviewing the findings of the district court on remand, we note that the parties both presented evidence at the hearing conducted by that court. [ORD 2] Elkins' evidence, however, did not establish that clerks at the magistrate court told her that she could not file her notice of appeal unless she posted a supersedeas bond. [ORD 5, 6] Because circumstances such as "error on the part of the court" are necessary to excuse a late-filed notice of appeal, that was the sole question to be addressed on remand, and is dispositive of this case. *Trujillo*, 1994-NMSC-024, ¶ 19.

{3}    In her request to submit evidence, Elkins asserts that she was not timely served with the district court's order containing its findings, making it impossible for her to provide this Court with a copy of that document within the ten days in which we ordered her to do so. [REQ 1-2] Because that deadline was merely based upon an order of this Court, we can and do excuse any untimeliness associated the ultimate filing of that order in this Court.

{4}    Elkins' request also seeks to submit evidence directly to this Court, some of which appears not to have been presented to the district court. [REQ 2-3] We reiterate that this Court is not capable of receiving evidence or making factual findings based upon a review of any evidence. *See Scott*, 1983-NMCA-022, ¶ 22; *Campos Enters., Inc.*, 1998-NMCA-131, ¶ 12. Because this Court would not be able to consider the evidence Elkins seeks to offer, we deny her request to submit evidence directly to this Court.

{5}    Finally, Elkins asserts without elaboration that the district court's findings are "erroneous," "biased in favor of the other party," "confusing," "misleading," and that "[i]mportant information from the taped conversations . . . ha[s] been conveniently left out[,] misconstrued[, or] misrepresented." [REQ 3] Elkins does not attempt to explain what omitted information she is referring to or how the evidence offered below supported a factual finding that the magistrate court clerk's office prevented her from filing a timely notice of appeal. As that was the sole question to be determined on remand, it does not appear that Elkins is currently raising an argument that can have any effect on the outcome of this appeal. *See Brockman v. Contractors Licensing Bd.*, 1944-NMSC-038, ¶ 5, 48 N.M. 304, 150 P.2d 125 (noting that appellate courts are "not

called upon to decide" purely academic questions). In the absence of court error that resulted in Ekins' late-filed notice of appeal, this Court must affirm the district court's resolution of this case below.

**{6}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's order dismissing Elkins' appeal de novo.

**{7}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**